KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
　dkinsella@kwikalaw.com
JEREMIAH T. REYNOLDS (SBN 223554)
　jreynolds@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants Mark Boal and
Kathryn Bigelow

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE HURT LOCKER, LLC; MARK BOAL; KATHRYN BIGELOW; GREG SHAPIRO; NICOLAS CHARTIER; TONY MARK; DONALL MCCLUSKER; SUMMIT ENTERTAINMENT, LLC; VOLTAGE PICTURES, LLC; GROSVENOR PARK MEDIA, LP; FIRST LIGHT PRODUCTIONS, INC.; KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>　　　　Defendants. | CASE NO. 2:10-cv-09034-JHN (JCx)<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JEREMIAH REYNOLDS IN SUPPORT THEREOF**<br><br>Date:　December 12, 2011<br>Time:　2:00 p.m.<br>Room:　790 |

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on December 12, 2011, at 2:00 p.m. or as soon thereafter as the matter can be heard in Courtroom 790 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, Defendants Mark Boal and Kathryn Bigelow ("Defendants") will, and hereby do, move the Court for an award of attorneys' fees in the amount of $42,195.00 as prevailing Defendants in this action pursuant to the Court's Order entered on October 13, 2011.

This Motion is made pursuant to the Court's October 13, 2011 Order, Federal Rule of Civil Procedure ("FRCP") 54(d), C.D. Cal. Local Rule 54-12, and Cal. Civ. Proc. Code §425.16(c)(2), and is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jeremiah Reynolds and supporting exhibits attached thereto, all pleadings, papers and records on file herein, any matter of which the Court may take judicial notice, and such oral argument as may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 21, 2011. (*See* attached Declaration of Jeremiah Reynolds.)

DATED: October 27, 2011         KINSELLA WEITZMAN ISER KUMP &
                                ALDISERT LLP


                                By: /s Jeremiah Reynolds
                                    Jeremiah Reynolds
                                    Attorneys for Defendants Mark Boal and
                                    Kathryn Bigelow

## I. INTRODUCTION

The Court has already determined that Defendants Mark Boal and Kathryn Bigelow ("Defendants") should be awarded attorneys' fees in connection with their successful motion to strike under California Code of Civil Procedure section 425.16. For the reasons discussed below and in the attached Declaration of Jeremiah Reynolds, Defendants should be awarded the total sum of $42,195.00 in attorneys' fees.

## II. DEFENDANTS SHOULD BE AWARDED ATTORNEYS FEES' IN THE AMOUNT OF $42,195.00

The "reasonableness" of fees is determined by the "lodestar" method, whereby the court first determines a reasonable number of hours for the work expended and multiplies those hours by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Determining the reasonable number of hours involves the Court's evaluation of the time expended, the nature and need for the services performed, and the relevant fee records. *See id.*

A "reasonable hourly rate" is determined by the rates customarily charged for work of the type performed in the relevant legal community, an evaluation of the reputation and experience of the attorneys who performed the services, the quality of counsel services on behalf of the client, the complexity of the work performed, and the results achieved. *Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 556-57 (1987). The "most critical factor" in determining a reasonable fee "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award

may be justified." *Hensley*, 461 U.S. at 435.[1]

Defendants are entitled to their reasonable attorney's fees, totaling $42,195.00. Reynolds Decl. ¶ 6, Ex. A. Defendants' attorneys spent 96.60 hours litigating issues directly related to Defendants' anti-SLAPP motion. Reynolds Decl. ¶ 6-7, Ex. A. These fees were actually and necessarily incurred by Defendants' attorneys in, among other things, (a) investigating and researching the facts, circumstances and relevant defenses; (b) preparing the motion, reply papers, evidentiary objections, and supplemental filings related to the anti-SLAPP motion; (c) conferring with other Defendants' counsel regarding strategy and other related issues; (d) serving as the point of contact for communications with the clients; (e) analyzing the Court's tentative opinion; and (f) preparing for and attending oral argument. Reynolds Decl., ¶ 7.

Defendants were charged a "blended rate" of $450 per hour for the services of Mr. Kinsella and Mr. Reynolds (*i.e.*, Mr. Kinsella's time and Mr. Reynolds' time were both billed at $450 per hour). These rates charged are reasonable not only due to the extent and complexity of the work described above, but because they are consistent with the reputation and experience of the attorneys and professionals who performed the services and because of the result achieved (complete dismissal of the entire action). Reynolds Decl., ¶¶ 2-4.

---

[1] "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e. the number of hours reasonably expended by the reasonable hourly rate." *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (2000). "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *Id.* (internal quotations and citation omitted). "The reasonable hourly rate is that prevailing in the community for similar work." *Id.* A court may consider other factors as they bear upon the reasonableness of a fee award, including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Id.* at 1096.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to award them attorneys' fees against Plaintiff in the amount of $42,195.00.

DATED: October 27, 2011          KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP


By: /s Jeremiah Reynolds
    Jeremiah T. Reynolds
    Attorneys for Defendants Mark Boal and Kathryn Bigelow