TIMOTHY J. GORRY  (SBN 143797)
tgorry@eisnerlaw.com
JON-JAMISON HILL  (SBN 203959)
jhill@eisnerlaw.com
JACKIE M. JOSEPH  (SBN 151102)
jjoseph@eisnerlaw.com
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California  90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE HURT LOCKER, LLC;  MARK BOAL;  KATHRYN BIGELOW;  GREG SHAPIRO;  NICOLAS CHARTIER;  TONY MARK;  DONALL MCCLUSKER;  SUMMIT ENTERTAINMENT, LLC;  VOLTAGE PICTURES, LLC;  GROSVENOR PARK MEDIA, LP;  FIRST LIGHT PRODUCTIONS, INC.;  KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>　　　　Defendants. | Case No.  2:10-cv-09034-JHN (JCx)<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES BY DEFENDANTS THE HURT LOCKER, LLC, GREG SHAPIRO, NICOLAS CHARTIER, VOLTAGE PICTURES, LLC, GROSVENOR PARK MEDIA L.P. AND KINGSGATE FILMS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  December 12, 2011<br>Time:  2:00 p.m.<br>Courtroom:    790<br><br>[Declaration Of Timothy J. Gorry submitted concurrently herewith]<br><br>*Assigned to the Honorable Jacqueline H. Nguyen* |

i

# NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that on December 12, 2011, at 2:00 p.m. or as soon thereafter as the matter can be heard in Courtroom 790 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc. (collectively, "Defendants") will, and hereby do, move this Court for an order awarding them attorneys' fees against Plaintiff in the amount of $111,200.00.

This Motion is made pursuant to the Court's October 13, 2011 Order granting Defendants' motion to dismiss, Fed. R. Civ. P. 54, and Cal. Civ. Proc. Code §425.16(c). This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Timothy J. Gorry, any reply memorandum submitted by the Defendants, the complete files and records in this action, and such other argument and evidence as may be presented at or before the hearing of this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 21, 2011.

Dated:  October 27, 2011        EISNER, KAHAN & GORRY


By:   /s/ *Timothy J. Gorry*
        Timothy J. Gorry
Attorneys for Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Films, LLC, Grosvenor Park Media. L.P. and Kingsgate Films, Inc.

EISNER, KAHAN & GORRY
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 — FAX (310) 855-3201

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants[1] successfully moved to strike each of the claims brought by Plaintiff, Sergeant Jeffrey S. Sarver, in this lawsuit (the "anti-SLAPP Motion"). In its final Order, the Court ordered that Defendants are entitled to an award of their attorneys' fees pursuant to Cal. Civ. Proc. Code §425.16(c). As set forth below and in the supporting Declaration of Timothy J. Gorry, Defendants seek the total sum of $111,200.00 for the attorneys' fees incurred in connection with bringing the anti-SLAPP Motion and the instant fee motion.

Cal. Civ. Proc. Code §425.16(c) mandates that Defendants be awarded fees for all of the work they performed in connection with the anti-SLAPP Motion and the instant motion for attorneys' fees (the "Fee Motion"). As the Court is undoubtedly aware, the anti-SLAPP Motion involved numerous and complex issues. To properly brief the procedural questions, such as the choice of state law that applied to Plaintiff's claims, and the substantive issues, such as the application of First Amendment law, Defendants' counsel spent a significant amount of time analyzing, researching and drafting the arguments made to the Court. As discussed below, the attorneys' fees Defendants request through this Fee Motion are reasonable under the circumstances.

Accordingly, Defendants respectfully request that the Court grant the Fee Motion in its entirety and enter an order awarding them $111,200.00 in attorneys' fees.

///
///
///

---

[1] "Defendants" refers to The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc.

1

## II. LEGAL ARGUMENT

### A. Defendants Are Entitled To Recoup All Attorneys' Fees Incurred In Connection With The Anti-SLAPP Motion.

At its core, Cal. Civ. Proc. Code §425.16 is designed to prevent chilling of free speech through abuse of the judicial process. See Cal. Civ. Proc. Code §425.16(a). In order to encourage defendants to fight baseless claims, the statute provides that any "defendant who prevails on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." See Cal. Civ. Proc. Code §425.16(c)(1). The language of the statute indicates that an award of fees is mandatory. See City of Los Angeles v. Animal Defense League, 135 Cal. App. 4th 606, 627 (2006) (explaining that the purpose of the fees provision is both to discourage meritless lawsuits and to provide financial relief to SLAPP lawsuit victim). The Ninth Circuit has expressly held that the availability of fees and costs under California's anti-SLAPP statute is not in conflict with the Federal Rules, and will be applied by federal courts. See United States v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 970-73 (9th Cir. 1999).

Section 425.16 does not define the scope of the fee award. Courts, however, have examined this issue, and there is ample caselaw that provides guidance. Section 425.16 "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi, 141 Cal. App. 4th 15, 22 (2006) (recognizing that the purpose of subsection (c) is to "compensate a defendant for the expense of responding to a SLAPP suit").

While a defendants' moving papers are necessarily included in the award, courts have wide latitude to include fees for additional items related to the anti-SLAPP process. See Premier Medical Management Sys., Inc. v. California Ins. Guarantee Ass'n, 163 Cal. App. 4th 550, 556 (2008) (holding that the award "should ordinarily include compensation for all the hours reasonably spent"). That may include "discovery initiated by the opposing party . . . directly related to the special

motion to strike." <u>Jackson v. Yarbray</u>, 179 Cal. App. 4th 75, 92-93 (2009). The award may also include the costs "incurred in enforcing the right to mandatory fees," *i.e.* the fees for making a separate demand or motion for the fee award. <u>See</u> <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1141 (2001).

"The California Supreme Court has upheld the lodestar method for determining the appropriate amount of attorney fees for a prevailing defendant on an anti-SLAPP motion." <u>Mann v. Quality Old Time Service, Inc.</u>, 139 Cal. App. 4th 328, 342 (2006) (citing <u>Ketchum</u>, 24 Cal. 4th at 1136). "Under this method, a court assesses attorney fees by first determining the time spent and the reasonable hourly compensation of each attorney." <u>Mann</u>, 139 Cal. App. 4th at 342. Then, the court "determines whether that lodestar figure should be adjusted based on various relevant factors." <u>Id.</u> One of those factors, the overall success achieved by counsel, is beyond reproach here. <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-435 (1983) (stating that where a party "obtain[s] excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . .").

Under these principles, Defendants are entitled to an award of $111,200.00. That sum reflects the total amount in attorneys' fees that Defendants' reasonably incurred in connection with the anti-SLAPP Motion, and which they have expended and expect to incur in connection with the instant Fee Motion.

**B.     Defendants Are Entitled To An Award $111,200.00 Against Plaintiff.**

Defendants' anti-SLAPP Motion required significant attorney time. Briefing on the anti-SLAPP Motion was extensive, and Defendants submitted moving papers, reply papers, and supporting documents, including declarations and evidentiary objections. [<u>See</u> Docket Nos. 78-81, 111-114, 117.] Moreover, because Plaintiff filed a host of atypical papers with the Court in connection with the anti-SLAPP Motion, including an *ex parte* application, objections, and improper sur-replies, Defendants were forced to spend time and take actions that are not typical in connection with

motion briefing. For example, Defendants opposed an *ex parte* request by Plaintiff to continue the hearing set for the anti-SLAPP Motion and to set a modified briefing schedule. [Docket No. 89.] Defendants were also required to analyze and address several improper "objections" and sur-replies Plaintiff filed after briefing of the anti-SLAPP Motion was complete. [Docket Nos. 121-122, 126, 128.]

Defendants' briefing included a host of complex legal issues. This is apparent from the Court's twenty-two page order granting to the anti-SLAPP Motion. [Docket No. 129.] Defendants' briefing included choice of law analysis, the application of Section 425.16 to this case, and the numerous legal and factual reasons that prevent Plaintiff from proving a probability of success on each of his seven claims. [Docket Nos. 78, 111.]

The work associated with the anti-SLAPP Motion required an excess of 255 attorney-hours. [Declaration Of Timothy J. Gorry ("Gorry Decl."), ¶17 and Ex. A.] The work was performed by attorneys who have experience handling this type of matter, and whose billing rates are reasonable and customary in the Los Angeles legal market.[2] [Gorry Decl., ¶¶4-12 and Ex. A.] Defendants incurred at least $106,350.00 in attorneys' fees in connection with the anti-SLAPP Motion itself. [Gorry Decl., ¶17 and Ex. A.]

It should also be noted that, when appropriate, Defendants prepared joint submissions with other named defendants (most often, Summit Entertainment, LLC ("Summit")), or joined in documents submitted by other parties. [Gorry Decl., ¶¶14-15.] These joint filings did not result in additional or "double" billed time. Rather, they allowed the defendants to more efficiently tackle the numerous and complex issues presented to the Court. Where appropriate and practicable, and so as to streamline the presentation to the Court, Defendants and Summit divided the issues

---

[2] It should be noted that counsel for the various separately represented defendants all charged their clients roughly the same rates for this matter, and that several of the attorneys who worked on the matter charged less than their standard billing rate.

4

that were required to be addressed to ensure that there was no duplication of effort. [Gorry Decl., ¶¶14-15.]

Finally, Defendants seek to recoup the fees they had to expend filing the instant Fee Motion. See Ketchum v. Moses, 24 Cal. 4th 1122, 1141 (2001) (holding that a prevailing defendant may seek the costs "incurred in enforcing the right to mandatory fees"). The total fees incurred for the preparation and filing of the Fee Motion, including the anticipated fees associated with Defendants' reply memorandum, is $4,850.00. [Gorry Decl., ¶18.]

Therefore, Defendants seek a total award of attorneys' fees of $111,200.00. For the reasons discussed above, Defendants respectfully ask this Court to grant their Fee Motion in its entirety.

## III. CONCLUSION

For the reasons set forth above, and as detailed in the accompanying Declaration of Timothy J. Gorry, Defendants respectfully ask this Court to grant the instant Motion in its entirety and award them statutory attorneys' fees against Plaintiff in the amount of $111,200.00.

Dated: October 27, 2011         EISNER, KAHAN & GORRY

By: ___/s/ *Timothy J. Gorry*___
　　　　Timothy J. Gorry
Attorneys for Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Films, LLC, Grosvenor Park Media. L.P. and Kingsgate Films. Inc.