TIMOTHY J. GORRY  (SBN 143797)
tgorry@eisnerlaw.com
JON-JAMISON HILL  (SBN 203959)
jhill@eisnerlaw.com
JACKIE M. JOSEPH  (SBN 151102)
jjoseph@eisnerlaw.com
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California  90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HURT LOCKER, LLC;  MARK BOAL;  KATHRYN BIGELOW; GREG SHAPIRO;  NICOLAS CHARTIER;  TONY MARK; DONALL MCCLUSKER;  SUMMIT ENTERTAINMENT, LLC; VOLTAGE PICTURES, LLC; GROSVENOR PARK MEDIA, LP; FIRST LIGHT PRODUCTIONS, INC.; KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>    Defendants. | Case No.  2:10-cv-09034-JHN (JCx)<br><br>**DECLARATION OF TIMOTHY J. GORRY IN SUPPORT THE MOTION FOR ATTORNEYS' FEES FILED BY DEFENDANTS THE HURT LOCKER, LLC, GREG SHAPIRO, NICOLAS CHARTIER, VOLTAGE PICTURES, LLC, GROSVENOR PARK MEDIA L.P. AND KINGSGATE FILMS, INC.**<br><br>Date:   December 12, 2011<br>Time:   2:00 p.m.<br>Courtroom:   790<br><br>*Assigned to the Honorable Jacqueline H. Nguyen* |

1

I, Timothy J. Gorry, hereby declare and state as follows:

1. I am an attorney licensed to practice before this Court, and I am a partner at the law firm of Eisner, Kahan & Gorry ("EK&G"), counsel for Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc. (collectively, "Defendants"). Except where expressly indicated below or otherwise apparent, I have personal knowledge of the facts stated herein, and I could and would testify competently thereto if sworn as a witness.

2. I am the partner at EK&G principally responsible for overseeing and handling this lawsuit. I am intimately familiar with the Court submissions EK&G prepared on Defendants' behalf, and I am fully aware of the work that went into preparing those Court filings. I attended the lone hearing held in this lawsuit on Defendants' behalf.

3. I carefully review the bills that EK&G submits to the Defendants on a monthly basis. As a partner in the firm, I have full access to EK&G's billing and accounting records. In order to calculate and confirm the fee amounts discussed in this declaration and in the Defendants' motion for attorneys' fees (the "Fee Motion") to which this declaration relates, I reviewed the bills EK&G previously submitted to Defendants.

4. Although each attorney at EK&G has a "standard" hourly billing rate, the firm, at times, negotiates with clients, or insurance companies who pay the client's bills, for blended or reduced rates. I was the partner at EK&G who negotiated the hourly billing rates that the firm would charge Defendants for the firm's work on this lawsuit.

5. I am the head of EK&G's litigation department. Prior to joining EK&G, I was a partner at Venable LLP, where my duties included managing the firm's California office. Prior to that, I was the managing partner at Gorry Meyer & Rudd, LLP. My managerial roles at these firms required that I learn, know and understand

1  appropriate billing rates for attorneys in the Los Angeles market so that the firm for
2  which I was working could negotiate appropriate billing rates with its clients.
3  Therefore, I am familiar with the rates that large and mid-sized Los Angeles law firms
4  charge for various types of litigation matters.  I also regularly negotiate rates with
5  insurance companies who pay my clients' bills, and again, because of these
6  negotiations, I have learned, know and understand the rates generally paid in the Los
7  Angeles market for various types of litigation matters.

8       6.    I was admitted to practice in California in 1989.  Since that time, I have
9  primarily handled litigation matters.  For the past decade, a significant component of
10 my practice has been entertainment litigation.  My prior experience includes handling
11 First Amendment issues, name and likeness claims, and prosecuting and defending the
12 types of causes of action that Plaintiff brought in this lawsuit.

13      7.    In 2010 and 2011, my standard billing rate at EK&G was $550 per hour.
14 That rate is commensurate with the rates charged by partners at other law firms in the
15 Los Angeles area who have a similar level of experience and handle similar types of
16 litigation matters.  However, for this matter, I agreed to bill, and the firm has billed, at
17 the reduced rate of $450 per hour for my time.

18      8.    In addition to me, two other attorneys at EK&G performed substantial
19 work on the instant lawsuit.  Those attorneys are Jon-Jamison Hill and Jackie M.
20 Joseph.

21      9.    My partner, Jon-Jamison Hill, was admitted to practice in California in
22 1999.  I have worked with Mr. Hill since the time he was admitted to the bar, and I
23 know the types of matters he has handled over the years.  Mr. Hill's practice has
24 always included entertainment litigation.  Mr. Hill's experience includes anti-SLAPP
25 motions, First Amendment issues, name and likeness claims, and prosecuting and
26 defending the types of causes of action that Plaintiff brought in this lawsuit.

27      10.    In 2010 and 2011, Mr. Hill's standard billing rate at the firm was $450
28 per hour, and for the instant lawsuit, EK&G billed at that rate for Mr. Hill's time.  Mr.

**EISNER, KAHAN & GORRY**
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

Hill's rate is commensurate with the rates charged by partners at other firms in the Los Angeles area who have a similar level of experience and handle similar types of litigation matters.

11. Jackie M. Joseph was admitted to practice in California in 1990. I have worked with Ms. Joseph since 2001, and I know the types of matters she has handled during that period of time. Over the past decade, Mr. Joseph's practice has included entertainment litigation. Mr. Joseph's experience includes prosecuting and defending the types of causes of action that Plaintiff brought in this lawsuit.

12. In 2010 and 2011, Ms. Joseph's standard billing rate at EK&G was $450 per hour. That rate is commensurate with the rates charged by attorneys at other firms in the Los Angeles area who have a similar level of experience and handle similar types of litigation matters. However, for this matter, EK&G agreed to bill, and the firm has billed, at the reduced rate of $350 per hour for Ms. Joseph's time.

13. Defendants filed a Motion To Strike Plaintiff's Complaint Pursuant To Cal. Civ. Proc. Code §425.16 (the "anti-SLAPP Motion"). I, along with Mr. Hill and Ms. Joseph, spent significant amounts to time researching and drafting the anti-SLAPP Motion and the instant Fee Motion.

14. In addition, my colleagues and I worked with counsel for other named defendants to prepare the moving and reply papers for the anti-SLAPP Motion. More specifically, EK&G worked closely with counsel for Summit Entertainment, LLC ("Summit") in an effort to minimize the need for multiple, overlapping and duplicative motions that would have burdened the Court and made review of the issues more difficult. We also coordinated our efforts with counsel for Mark Boal and Kathryn Bigelow, again, to minimize duplication of efforts amongst the named defendants.

15. In particular, we worked with co-defense counsel in an effort to efficiently tackle the numerous and complex issues that needed to be presented to the Court. Defendants and Summit divided the issues that each would research, analyze

1  and address to ensure that there was no duplication of effort.

2        16.    Defendants were billed for the all of the services EK&G rendered on their behalf. To date, Defendants have been billed in excess of $111,200.00 for attorneys' fees related to the anti-SLAPP Motion and the instant Fee Motion. Attached to this declaration as "Exhibit A" is a summary document containing the billing entries relevant to the anti-SLAPP Motion. Any billing entry that is not relevant to the fee request Defendants are making here, and all privileged information contained in any billing entry, has been redacted from the document.

      17.    The fees billed to Defendants in connection with the anti-SLAPP Motion, which amount to $106,350.00, arise from the following work:

    a.    I performed in excess of 64 hours of work in connection with the anti-SLAPP Motion. That work consisted primarily of revising the moving papers and the reply papers, and preparing for and attending the hearing on the motion.

    b.    Jon-Jamison Hill performed more than 107 hours of work in connection with the anti-SLAPP Motion. That work consisted of analyzing the legal issues involved, drafting the moving papers and reply, opposing an *ex parte* matter concerning the briefing schedule and hearing date for the motion, working with co-defense counsel to coordinate additional motion-related filings, and assisting me to prepare for the hearing.

    c.    Jackie M. Joseph performed more than 84 hours of work in connection with the anti-SLAPP Motion. That work consisted of analyzing the legal issues involved, drafting the moving papers and reply, opposing an *ex parte* matter concerning the briefing schedule and hearing date for the motion, working with co-defense counsel to coordinate additional motion-related filings, assisting me to prepare for the hearing, and attending the hearing on the anti-SLAPP Motion.

///

EISNER, KAHAN & GORRY
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

18. Defendants will also be billed for the work that EK&G performs in connection with the instant motion for attorneys' fees, which is expected to amount to at least $4,850.00, stemming from the following work:

a. I performed in excess of 1 hour of work in connection with the instant motion for attorneys' fees, consisting primarily of revising the moving papers and this declaration. I anticipate having to spend additional time to prepare reply papers and attend any hearing on the motion.

b. Jon-Jamison Hill, performed more than 5 hours of work in connection with the instant motion for attorneys' fees, consisting primarily of drafting the moving papers and this declaration. I anticipate that Mr. Hill will have to spend at least 4 hours of additional time to prepare reply papers for the motion.

c. Jackie M. Joseph, performed more than 1 hour of work in connection with the instant motion for attorneys' fees, consisting primarily of handling the Court-mandated meet and confer with Plaintiff's counsel and drafting the moving papers for this motion. I anticipate that Ms. Joseph will have to spend additional time to prepare reply papers for the motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct on this 27th day of October 2011, at Beverly Hills, California.

/s/ *Timothy J. Gorry*
Timothy J. Gorry