DAVID HALBERSTADTER (SBN 107033)
david.halberstadter@kattenlaw.com
SALLY WU (SBN 266294)
sally.wu@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendant
SUMMIT ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE HURT LOCKER, LLC;  MARK BOAL;  KATHRYN BIGELOW; GREG SHAPIRO;  NICOLAS CHARTIER;  TONY MARK;  DONALL MCCLUSKER;  SUMMIT ENTERTAINMENT, LLC;  VOLTAGE PICTURES, LLC;  GROSVENOR PARK MEDIA, LP;  FIRST LIGHT PRODUCTIONS, INC.;  KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>  Defendants. | Case No.  2:10-cv-09034-JHN (JCx)<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT SUMMIT ENTERTAINMENT, LLC FOR AWARD OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   December 12, 2011<br>Time:   2:00 p.m.<br>Courtroom:    790<br><br>*Assigned to the Honorable Jacqueline H. Nguyen* |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2011, at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 790 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, Defendant Summit Entertainment, LLC ("Summit") will and

1 hereby does move the Court for an award of attorneys' fees in the amount of
2 $61,717.50 and costs in the amount of $4,277.28 as a prevailing Defendant in this
3 action pursuant to the Court's Order entered on October 13, 2011 (the "October 13
4 Order").

5     This Motion is made pursuant to the October 13 Order, Rule 54(d) of the
6 Federal Rules of Civil Procedure, Local Rule 54-12, and California Code of Civil
7 Procedure §425.16(c)(2). This Motion is based on this Notice of Motion, the
8 accompanying Memorandum of Points and Authorities and the concurrently-filed
9 supporting Declaration of David Halberstadter, the pleadings, papers and records on
10 file herein, any matter of which the Court may take judicial notice, and such additional
11 evidence and argument as may be presented prior to or at the hearing on this Motion.

12     This Motion is made following the conference of counsel pursuant to Local
13 Rule 7-3, which took place on October 21, 2011.

DATED: October 27, 2011

KATTEN MUCHIN ROSENMAN LLP
David Halberstadter
Sally Wu

By: /s/ David Halberstadter
David Halberstadter
Attorneys for Defendant
SUMMIT ENTERTAINMENT, LLC

2
MOTION FOR AWARD OF ATTORNEYS FEES – BY SUMMIT ENTERTAINMENT, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PRELIMINARY STATEMENT.**

The Court has already determined that Defendant Summit Entertainment, LLC ("Summit") should be awarded its attorneys' fees in connection with its successful motion to strike under California Code of Civil Procedure section 425.16.  For the reasons discussed below and in the concurrently-filed Declaration of David Halberstadter, Summit should be awarded the total sum of $65,994.78, comprising $61,717.50 in attorneys' fees and $4,277.28 in recoverable costs.

**II.     SUMMIT SHOULD BE AWARDED ITS ATTORNEYS FEES' AND COSTS IN THE AMOUNT OF $65,994.78.**

The United States Supreme Court has recently reiterated that, under federal fee-shifting statutes, the "lodestar approach" is "the guiding light" in determining a "reasonable" fee. *Perdue v. Kenny A.,* 599 U.S. __, 130 S.Ct. 1662, 1671–73, 176 L.Ed.2d 494 (2010) (internal quotation marks omitted); *Resurrection Bay Conservation Alliance v. City of Seward, Alaska*, 640 F.3d 1087, 1095 (9th Cir. 2011).[1]  Similarly, the California Supreme Court has concluded that the "lodestar approach" should be followed in determining the award of attorneys' fees in anti-SLAPP motion cases.  *Ketchum v. Moses*, 24 Cal.4th 1122, 1136 (2001) ("because the anti-SLAPP provisions refer to attorney fees and costs without indicating any restrictions on how they are to be calculated, we accordingly presume that the Legislature intended courts use the prevailing lodestar adjustment method"); *see also Cabral v. Martins*, 177 Cal.App.4th 471, 491 (2009) (The amount of an attorney fee award under the anti-SLAPP statute is computed by the trial court in accordance with the familiar "lodestar" method).

Under this method, the court first determines a reasonable number of hours for the work performed and multiplies those hours by a reasonable hourly rate.  To

---

[1]     *See also Farrar v. Hobby,* 506 U.S. 103 (1992) (the usual approach to evaluating the reasonableness of an attorney fee award requires application of the lodestar method); *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (same).

determine the reasonable number of hours, the Court must evaluate the time expended, the nature and need for the services performed, and the relevant fee records.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  The court then must determine the "reasonable hourly rate" by considering the rates customarily charged for work of the type performed in the relevant legal community, the reputation and experience of the attorneys who performed the services, the quality of counsel services on behalf of the client, the complexity of the work performed, and the results achieved.  *Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 556-57 (1987).  The "most critical factor" in determining a reasonable fee "is the degree of success obtained."  *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."  *Hensley*, *supra*, 461 U.S. at 435.[2]

The fees and costs that Summit's defense counsel charged in connection with the Anti-SLAPP Motion are presumptively reasonable and should be awarded in full.  Summit was represented in this action by two attorneys:  Partner David Halberstadter and associate Sally Wu.  They expended 115.9 hours and 25.5 hours, respectively, investigating and researching the facts, circumstances and relevant defenses; preparing the motion, joinder, reply papers, and evidentiary objections filed in connection with the Anti-SLAPP Motion; reviewing and analyzing Plaintiff's court filings in connection with the Anti-SLAPP Motion; conferring with other Defendants' counsel regarding strategy and other issues relating to the Anti-SLAPP Motion; analyzing the Court's tentative opinion; and preparing for and attending the hearing on the Anti-SLAPP Motion, among other things.  [Declaration of David Halberstadter

---

[2]   Essentially the same methodology for determining the "lodestar" amount is followed by California courts.  *See, e.g., PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 1095 (2000) (computation of time spent on a case and the reasonable value of that time, as determined by the reasonable hourly rate prevailing in the community for similar work, is fundamental to a determination of an appropriate attorneys' fee award); *Ketchum v. Moses*, *supra*, 24 Cal.4th at 1132 (expressly approving the use of prevailing hourly rates as a basis for the lodestar calculation).

1  ("Halberstadter Decl."), ¶ 4.]  Although it might appear at first blush as though
2  Summit was responsible only for filing a Notice of Joinder in connection with the
3  Anti-SLAPP Motion filed by Defendant The Hurt Locker, LLC and its co-defendants
4  (collectively, the "Hurt Locker Defendants") and a subsequent reply brief, in fact,
5  Summit's counsel devoted substantial time and effort to researching and drafting all of
6  the sections of the Anti-SLAPP Motion filed by the Hurt Locker Defendants
7  pertaining to Plaintiff's inability to demonstrate the probable validity of his claims.
8  [Id. at ¶ 5.]

9  Although Mr. Halberstadter currently bills his time at the hourly rate of $650,
10 Summit was charged an agreed-upon rate of $450 per hour for his services, and a
11 "blended" rate of $375 per hour for the services of any associates who worked on the
12 matter.  The rates charged are reasonable not only due to the extent and complexity of
13 the work described above, but because they are consistent with the reputation and
14 experience of the attorneys and professionals who performed the services and because
15 of the result achieved (complete dismissal of the entire action).  [Halberstadter Decl.,
16 ¶¶ 7-10.]  Summit also incurred third party costs totaling $4,277.28 in connection with
17 the Anti-SLAPP Motion, for expenses such as PACER charges, Westlaw/Lexis
18 research, courier charges, photocopying and transportation expenses.  [Id. at ¶ 6.]

19 **III.   CONCLUSION.**

20 For the foregoing reasons, Summit respectfully requests that this Court award it
21 attorneys' fees and costs in the total amount of $65,994.78.

22 DATED:  October 27, 2011                    Respectfully submitted,

23                                             KATTEN MUCHIN ROSENMAN LLP
24                                             David Halberstadter
                                               Sally Wu
25
26                                             By: /s/ David Halberstadter
                                               David Halberstadter
27                                             Attorneys for Defendant
                                               SUMMIT ENTERTAINMENT, LLC
28