DAVID HALBERSTADTER (SBN 107033)
david.halberstadter@kattenlaw.com
SALLY WU (SBN 266294)
sally.wu@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendant
SUMMIT ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE HURT LOCKER, LLC;  MARK BOAL;  KATHRYN BIGELOW;  GREG SHAPIRO;  NICOLAS CHARTIER;  TONY MARK;  DONALL MCCLUSKER;  SUMMIT ENTERTAINMENT, LLC;  VOLTAGE PICTURES, LLC;  GROSVENOR PARK MEDIA, LP;  FIRST LIGHT PRODUCTIONS, INC.;  KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>  Defendants. | Case No.  2:10-cv-09034-JHN (JCx)<br><br>**DECLARATION OF DAVID HALBERSTADTER IN SUPPORT OF MOTION BY DEFENDANT SUMMIT ENTERTAINMENT, LLC FOR AWARD OF ATTORNEYS' FEES**<br><br>Date:  December 12, 2011<br>Time:  2:00 p.m.<br>Courtroom:  790<br><br>*Assigned to the Honorable Jacqueline H. Nguyen* |

I, David Halberstadter, declare as follows:

1.     I am an attorney at law, duly licensed to practice before all of the courts of the State of California and admitted to practice before this United States District Court.  I am a partner in the law firm of Katten Muchin Rosenman LLP ("Katten"),

which is counsel of record for Defendant Summit Entertainment, LLC ("Summit") in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath. I submit this Declaration in support of the Summit's motion for an award of the attorneys' fees it incurred in connection with Defendants' successful anti-SLAPP motions.

2. Summit is seeking an award of $61,717.50 in attorneys' fees and $4,277.28 in recoverable costs (for a total award of $65,994.78), which represents the portion of the fees and costs that Summit incurred in connection with the special motion to strike the Complaint pursuant to California Code of Civil Procedure section 425.16 (the "Anti-SLAPP Motion") that all of the Defendants filed in this action, and which the Court granted in its entirety pursuant to its Order dated October 13, 2011 (the "Order"). I have set forth below first a summary of the hours expended by Summit's counsel in connection with the Anti-SLAPP Motion, followed by an explanation of why those hours, and the hourly rates charged to Summit in connection with the Anti-SLAPP Motion, were reasonable.

**Overview of the Time Spent In Connection With The Anti-SLAPP Motion**

3. All of the named Defendants filed and/or joined in each others' Anti-SLAPP Motions on February 1, 2011, in connection with which Defendants requested an award of attorneys' fees as provided for by the applicable statute. On or about March 14, 2011, Plaintiff filed his opposition to the Anti-SLAPP Motion. Defendants filed and/or joined in reply briefs (including objections to Plaintiff's supporting declarations) on March 21, 2011. On March 28, 2011, the Court issued an order taking the scheduled motion hearing off-calendar. Then on March 29 and March 31, 2011, Plaintiff filed, respectively, evidentiary objections to the declaration submitted by Defendant Boal, and an "opposition" to the evidentiary objections that Defendants had filed with their reply briefs. By Minute Order dated July 22, 2011, the Court placed the hearing on the Anti-SLAPP Motion back on calendar for August 8, 2011.

On August 4, 2011, the Court issued its tentative ruling on the Anti-SLAPP Motion, which was then argued as scheduled on August 8.  Following the argument, Plaintiff filed (on August 13) a "Supplemental Brief" in further opposition to the Anti-SLAPP Motion.  Defendants Boal and Bigelow responded to this brief on August 15; and Plaintiff filed a "Sur-Reply Brief" on September 29.   The Court's October 13 Order granted the Anti-SLAPP Motion in its entirety and awarded all Defendants their attorneys' fees.

4.	Summit was represented in connection with all of this activity by two attorneys:  associate Sally Wu and me.  Ms. Wu expended a total of 25.5 hours, and I expended a total of 115.9 hours, engaged in the following activities relative to the Anti-SLAPP Motion, among others:  investigating and researching the facts, circumstances and relevant defenses; preparing the Anti-SLAPP Motion, Notice of Joinder, supporting Declarations; reviewing and analyzing, and conducting legal research in connection with, Plaintiff's opposition to the Anti-SLAPP Motion; preparing a reply brief, a Notice of Joinder in the other Defendants' reply briefs, and evidentiary objections; reviewing and analyzing Plaintiff's supplemental brief and strategizing with respect to what further Court filings, if any, were warranted; conferring with other Defendants' counsel regarding strategy and other issues relating to the Anti-SLAPP Motion; analyzing the Court's tentative ruling on the Anti-SLAPP Motion; preparing for and attending the hearing on the Anti--SLAPP Motion; and reviewing the various post-hearing briefs submitted by other parties in connection with the Anti-SLAPP Motion (Summit neither submitted nor joined in any such post-hearing briefs).

5.	It might appear at first blush from the various court filings as though Summit was responsible only for filing (i) a Notice of Joinder in connection with the Anti-SLAPP Motion filed by Defendants The Hurt Locker, LLC, Greg Shapiro, Nicholas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc. (collectively, the "Hurt Locker Defendants") and (ii) a subsequent reply

3

DECLARATION OF DAVID HALBERSTADTER IN SUPPORT SUMMIT'S MOTION FOR ATTORNEYS' FEES

brief.  But in fact, the Hurt Locker Defendants' motion was the product of a collaborative effort between counsel for the Hurt Locker Defendants and counsel for Summit.  We worked together to prepare this motion so as to avoid duplication of effort as much as possible, and in order to avoid presenting the Court with separate and potentially redundant motions.  Accordingly, Summit's counsel was primarily responsible for drafting those portions of the Anti-SLAPP Motion filed by the Hurt Locker Defendants pertaining to Plaintiff's inability to demonstrate the probable validity of his claims (and reviewing and suggesting revisions to the remaining portions), while counsel for the Hurt Locker Defendants took primary responsibility for drafting the other portions of the motion (and reviewing and suggesting revisions to the portions of the motion that Summit's counsel drafted).

6.   In support of Summit's request for an award of its attorneys' fees and recoverable costs, I have attached hereto as <u>Exhibit 1</u> true and correct copies of Katten's invoices for this matter, which have been redacted to exclude privileged and work product information and information pertaining to work performed that was not related to the Anti-SLAPP Motion.  Exhibit 1 supports Summit's request for attorneys' fees totaling $61,717.50, and costs (comprising PACER charges, Westlaw/Lexis research, courier charges, photocopying and transportation expenses) totaling $4,277.28).

**The Reasonableness of the Hourly Rates Charged**

7.   I was primarily responsible for defending this action on behalf of Summit. I have been an attorney for nearly 30 years.  I graduated *magna cum laude* from Georgetown University Law Center in 1982, where I was an Editor of the law school's international law journal.  I was a Partner specializing in entertainment-related and intellectual property litigation at Troop Steuber Pasich Reddick & Tobey, LLP for 10 years (from 1990-2000) prior to becoming a partner at Katten in 2000.

8.   I have substantial experience in intellectual property and entertainment litigation, having practiced in this area continuously for more than 25 years.  In 2010,

4
DECLARATION OF DAVID HALBERSTADTER IN SUPPORT SUMMIT'S MOTION FOR ATTORNEYS' FEES

I was recognized as a 'Power Lawyer' on *The Hollywood Reporter*'s list of the 100 most influential entertainment lawyers in the United States and was named one of California's Top 75 Intellectual Property Litigators by the *Los Angeles Daily Journal*. I have been listed as a Southern California Super Lawyer for entertainment litigation in *Los Angeles Magazine* and *Southern California Super Lawyers Magazine* from 2004 through 2011.

9.  My current hourly rate is $650 per hour; however, for purposed of this action, I agreed to bill my time at the rate of $450 per hour. Accordingly, it is my belief that the hourly rates being charged for my time on this matter are substantially below those typically charged by attorneys with my years of experience and expertise, and are most certainly "reasonable."

10. For purposes of this action, I also agreed that any work performed on this matter by any associate (including Ms. Wu) would be billed at the "blended" rate of $375 per hour. Ms. Wu graduated from University of Southern California, Gould School of Law in 2009. Ms. Wu has assisted in the litigation of multiple cases, including the successful defense of a copyright infringement claim dismissed on summary judgment by the United States District Court, Southern District of New York (<u>Latimore v. NBC Universal, Inc.</u>, case no. 07-cv-09338). Accordingly, it is my belief that this hourly rate is reasonable for Ms. Wu, and consistent with the hourly rates being charged in the Los Angeles legal community for attorneys at her level and with her experience.

**Compliance with Local Rule 7-3**

11. On October 21, 2011, I personally participated in a conference of counsel pursuant to Local Rule 7-3. During the conference, counsel for Plaintiff was advised that Defendants intended to file a motion seeking an award of their attorneys' fees pursuant to the Court's October 13, 2011 Order, and the parties discussed the potential resolution of this motion, albeit without success.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 27, 2011 in Los Angeles, California.

_____
David Halberstadter