ERIK L. JACKSON (State Bar No. 166010)
COZEN & O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone:  (213) 892-7961
Fax:  (866) 484-0947
ejackson@cozen.com

TODD J. WEGLARZ (*pro hac vice*)
Law Offices of Todd J. Weglarz, PLLC
30903 Northwestern Highway, Suite 250
Farmington Hills, Michigan 48334
Telephone:  (248) 539-9081
Fax: (248) 413-2647
tweglarz@weglarzlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>     Plaintiff,<br><br>v<br><br>THE HURT LOCKER, LLC, MARK BOAL, KATHRYN BIGELOW, GREG SHAPIRO, NICOLAS CHARTIER, TONY MARK, DONALL McCUSKER, SUMMIT ENTERTAINMENT, LLC, VOLTAGE PICTURES, LLC, GROSVENOR PARK MEDIA, LP, FIRST LIGHT PRODUCTIONS, INC., KINGSGATE FILMS, INC., and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>     Defendants. | Case No.: 2:10-cv-09034-JHN (JCx)<br><br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY FEES** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

# __Table of Contents__

**Page**

I.   INTRODUCTION ...................................................................................... 1

II.  LAW & ARGUMENT ................................................................................ 1

   A.   LAW ................................................................................................ 1

   B.   ARGUMENT .................................................................................... 2

      1.   Defendants Fail to Present Evidence Establishing Their Requested Hourly Rates Are the Prevailing Hourly Rate in this District ..................... 2

      2.   Defendants Requested Hours Are Excessive and Unreasonable ..................... 4

      3.   Reasonable Attorney Fees Ruling on a Recent, anti-SLAPP, High Profile Case Involving Counsel Herein Should be Followed, And Illustrate the excessiveness of Defendants' Fee Requests ..................... 6

      4.   Objections to Defendants' Itemized Billing Records ..................... 7

      5.   All Hours Billed Regarding Plaintiff's Ex Parte Motion for Additional Time to Respond to Defendants' anti-SLAPP Motion ................. 8

      6.   All Hours Billed Regarding Plaintiff's Supplemental Brief Based Upon Authorities Presented to the Court During Oral Argument ................. 8

III. CONCLUSION ........................................................................................ 11

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*Christian Research Institute v. Alnor*,
    165 Cal. App. 4th 1315 (2008) ..................................................4, 5, 7

*Fein v. Kesterson*,
    2010 Lexis 128489 (C.D. Ca. 2010) .........................................4

*Jackson v. Yarbray*,
    179 Cal. App. 4th 75 (2009) .....................................................1, 4

*Kearney v. Foley and Lardner*,
    553 F.Supp.2d 1178 (S.D. Cal. 2008) ......................................1, 2, 3

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) ............................................................4, 5, 7

*McCown v. City of Fontana*,
    550 F.3d 918 (9th Cir. 2009) ....................................................2

*Platypus Wear, Inc. v. Goldberg*,
    166 Cal. App. 4th 772 (2008) ...................................................1

*Ravet v. Stern*,
    2010 U.S. Dist. Lexis 7958 (2010) ...........................................2, 3

*Serrano v.Unruh*,
    32 Cal. 3d 621 (1982) ...............................................................5

STATUTES

Cal. Civ. Proc. Code §423.16(c) .....................................................1

Cal. Civ. Proc. Code §423.16(c)(1) .................................................1

OTHER AUTHORITIES

FRCP 12(b)(6) ...................................................................................6, 9

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

## I.   INTRODUCTION

Pursuant to the Court's Order Granting Plaintiff's Motion to Strike under the Anti-SLAPP statute, Defendants have filed Motions for an Award of Attorneys Fees under Cal. Civ. Proc. Code §423.16(c).  For the reasons set forth below, Defendants' Motions should be denied or, in the alternative, the requested fees should be reduced significantly.

## II.   LAW & ARGUMENT

### A.   LAW

Though Cal. Civ. Proc. Code §423.16(c)(1) provides that a prevailing defendant shall be entitled to recover his or her attorney's fees and costs, such an award is subject to preconditions and limitations.  California case law makes clear that "*absent circumstances rendering an award unjust*, the fee should ordinarily include compensation for all hours *reasonably* spent, including those relating solely to [obtaining] the fee [award]." *Kearney v. Foley and Lardner*, 553 F.Supp.2d 1178, 1181-1182 (S.D. Cal. 2008) (quoting *Serrano v.Unruh*, 32 Cal. 3d 621, 624 (1982)) (emphasis added).

The recoverable attorney fees and costs are limited to only those hours reasonably expended on the anti-SLAPP motion, and not the entire litigation.  The trial court is not constrained by the amount sought by the successful moving party. *Platypus Wear, Inc. v. Goldberg*, 166 Cal. App. 4th 772, 784 (2008);  *Jackson v. Yarbray*, 179 Cal. App. 4th 75 (2009).  A reasonable award of attorney fees under Anti-SLAPP is determined by reference to the lodestar figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. A "reasonable hourly rate" is the rate prevailing in the community for similar work. *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1185 (S.D. Cal. 2008).

**PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR ATTORNEY FEES**
1

The amount of fees to be awarded are within the complete discretion of the court:

> "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. [Citation omitted.] The Court must have "substantial evidence" to support the fee award. [Citations omitted]. The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. [Citation omitted]. An attorney fee award should be reduced if claimed hours are "excessive, redundant, or otherwise unnecessary," [quoting from Hensley v. Eckerhart, 461 U.S. 424, 434,103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)]. Reasonableness depends in part on "the success of the attorney's efforts." [Citation omitted].

*Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1185 (S.D. Cal. 2008).

When awarding reasonable attorney fees, the ninth circuit requires a specific explanation as to why certain fees were awarded, reduced, or rejected:

> "Once the district court completes its analysis of the final lodestar amount, it must explain how it arrived at its determination with sufficient specificity to permit an appellate court to determine whether the district court abused its discretion in the way the analysis was undertaken."

*McCown v. City of Fontana*, 550 F.3d 918, 922 (9th Cir. 2009).

**B.   ARGUMENT**

   **1.   Defendants Fail to Present Evidence Establishing Their Requested Hourly Rates Are the Prevailing Hourly Rate in this District**

To determine the reasonable hourly rate, the Court looks to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Ravet v. Stern*, case no 09- Civ-5575, 2010 U.S. Dist. Lexis 7958, *5 (February 1, 2010, S.D.N.Y.)  According to *Ravet*, in this case, the relevant community is the Central District of California because it is "the forum in

**PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR ATTORNEY FEES**
2

which the district court sits." *Id.* at 5-6.[1] The burden is on the party requesting attorneys' fees to "produce satisfactory evidence." *Id.*, at 6 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Evidence that the Court should consider includes "[a]ffidavits of the [movant's] attorney *and other attorneys* regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney." *Id.*, (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). In *Kearny*, the federal district court denied a prevailing anti-SLAPP Defendant's Motion for attorney fees in its entirety (without prejudice) when the hourly rate upon which the motion was based was only presented with the movant attorney's declaration. *Kearny*, 553 F. Supp. 2d at 1186-87.

Here, Defendants' attorneys request an hourly rate of $450.00 on most of the hours submitted. In support of these rates, Defendants only offer the Declarations of the movant attorneys, all of which represent that they billed at the rate of $450/hour, and conclude that this rate represents the Los Angeles market rate. [Doc 132-1, 133-1, & 134-1]. Aside from the movant attorneys' declarations, Defendants fail to submit any evidence establishing the prevailing hourly attorney rate for attorneys performing similar work in the Central District of California. Because Defendants failed to satisfy carry their burden of proof in establishing the prevailing market rate for the Central District, this court should deny Defendants' Motions.[2]

Furthermore, evidence shows that Defendants' requested hourly rate of $450.00 is above the prevailing hourly rate for attorneys. Studies show that the average billing rate for California firms is just above $300/hour. [Decl TJW, Doc 135-1]. Consistent with this average California billing rate is a recent California Superior Court ruling on

---

[1] Citing *Camacho v. Bridgeport Fin., Inc.,* F.3d 973, 979 (9th Cir 2008) (quoting *Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir. 1997).

[2] Defendants likewise fail to satisfy their burden of proof in establishing the prevailing market rate for attorney Wu, an attorney with just 12-18 months experience at the time of her billings (billed at $375/hour, Doc 134-1).

1    a high profile, Anti-SLAPP ruling, awarding some of the same attorneys herein an

2    hourly rate of $300/hour.[3]  [Decl TJW, Doc 135-1].  Similarly, in *Christian Research*

3    *Institute v. Alnor*, 165 Cal. App. 4th 1315 (2008), the California Court of Appeals

4    determined that an attorney hourly rate of $300 was reasonable for an prevailing anti-

5    SLAPP Defendant.  *Id.*, at 1324.  And in *Fein v. Kesterson*, Case No. 10-cv-02048,

6    2010 Lexis 128489 (C.D. Cal., Nov. 23 2010), the district court ruled that $350/hour

7    was a reasonable hourly rate for a seasoned Los Angeles  attorney specializing in

8    Anti-SLAPP and defamation law, who also taught law school courses at Pepperdine

9    Law School.

10          Because Defendants failed to present evidence satisfying their burden of proof

11   that their requested hourly rates represent the prevailing hourly rate in this district,

12   Defendants' Motions should be denied.  In the alternative, at the very least, this court

13   should reduce the hourly rates as follows:

14          Attorney Kinsella and Attorney Reynolds - $300/hour

15          Attorney Halberstadter - $300/hour

16          Attorney Gorry and Attorney Hill - $300/hour

17          Attorney Joseph - $200/hour

18          **2.     Defendants Requested Hours Are Excessive and Unreasonable**

19          Collectively, Defendants request the Court to enter a judgment against Plaintiff

20   in the exorbitant amount of $220,000.  Defendants attach a host of itemized billing

21   records to support these attorney fees and costs.  However, as explained above, the

22   court is not constrained by the amount sought by the successful moving party, and the

23   prevailing party is entitled only to a *reasonable award*, based upon the reasonable

24   time expended on the actual anti-SLAPP motion, not the entire litigation.  See

25   _____

26   [3] On May 11, 2011, in the case of *The Revenue Resource Group v. Dash Dolls (The Kardashians)*, Superior Court Case No. 11CECG00058, California Superior Court Judge Jeffrey Hamilton granted Defendants' Anti-SLAPP Motion, dismissing Plaintiff's 62 page, nine count Complaint, and awarded Defendants attorney fees in the total

27   amount of $6,825.00, based in part upon an hourly rate of $300 for attorney Jeremiah Reynolds (who is counsel for Defendants Boal / Bigelow herein). [Decl. TJW, Doc 135-1].

28   **PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR
     ATTORNEY FEES**

4

*Jackson,* 179 Cal. App. 4th 75; *Christian Research,* 165 Cal. App. 4th at 870, and *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001).

The prevailing Defendants seeking fees and costs have the burden of establishing entitlement to an award and documenting the appropriate hours expended. The court may require a defendant to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims.  The court also may properly reduce compensation on account of any failure to maintain appropriate time records.  *Christian Research*, 165 Cal. App. 4th at 870.

"Padded" fees, in the form of inefficient or duplicative efforts, are not subject to compensation.  *Id*. at 871. "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether."  *Ketchum*, 24 Cal. 4th at 1138.  "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award ***or deny one altogether***."  *Christian Research*, 165 Cal. App. 4th at 871 (quoting *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982).  The *Serrano* court has authorized the denial of a fee request in its entirety on the ground of an unreasonable request and inadequate documentation. *Serrano*, 32 Cal.3d at 635, n. 21.

In *Christian Research Institute,* the trial court acted within its discretion in awarding attorney fees to a prevailing anti-SLAPP defendant by reducing the number of compensable hours from over 600 hours, as requested by defendant, to 71 (Defendant requested $250,000 in fees; the court reduced to $21,300) , where defense counsel's billing entries were vague and block billed,[4] and included many time entries devoted to matters other than the motion to strike.  *Id*.  The *Christian Research* panel justified this reduction based upon the lack of credibility of the submitted time entries:

---

[4] Generally, block billing can "obscure [] the nature of some of the work claimed" and "exacerbate [ ] the vagueness of counsel's fee request." *Christian Research*, 165 Cal. App. 4th at 874. Because "block billing makes it more difficult to determine how much time was spent on particular activities," the Ninth Circuit has held that it will not "quarrel with the district court's authority to reduce hours that are billed in block format."  *Welch v.Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir.2007)

**PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

5

1
2
3

"The fee request included, for example, billings for obtaining the docket at the inception of the case, obtaining unspecified but "numerous court documents," and attending the trial court's mandatory case management conference - all of which would have been incurred whether or not [Defendant] filed the motion to strike."

4

*Id.* at 1325.

5
6

For the reasons more fully explained below, Defendants fee requests are excessive and unreasonable, and should be denied outright, or significantly reduced.

7
8
9

> **3.    Reasonable Attorney Fees Ruling on a Recent, anti-SLAPP, High Profile Case Involving Counsel Herein Should be Followed, And Illustrate the excessiveness of Defendants' Fee Requests**

10
11
12
13
14
15
16
17
18

Defendant Boal's / Bigelow's counsel, Mr. Reynolds and the Kinsella law firm, recently received an anti-SLAPP attorney fees award of $6,825.00 while representing the Kardashians in the case of *The Revenue Resource Group v. Dash Dolls*, Superior Court Case No. 11CECG00058.  In  *Dash Dolls*, Plaintiff debit card company filed a sixty-two (62) page, nine (9) count breach of contract action against the Kardashians. Defendants moved to strike under anti-SLAPP, and on May 21, 2011, California Superior Court Judge Jeffrey Hamilton granted Defendants' Anti-SLAPP Motion and awarded said attorney fees award, after reducing the requested hourly attorney rate from $595 and $450 to $350 and $300 respectively.  [Decl TJW, Doc 135-1].

19
20
21
22
23
24
25
26
27

There is no reason why the case at bar could not have been handled accordingly.  The herein case did not involve any discovery, and was dismissed before a single defendant filed an Answer to Plaintiff's Complaint.  The case at bar involved a shorter Complaint - twenty-six (26) pages (plus the Playboy article) and seven counts. Plaintiff submits the total attorney fees awarded in the Kardashian case should applied to the case at bar.  Though Defendants claim they expended numerous hours preparing the anti-SLAPP motion, they also made very similar arguments in their FRCP 12(b)(6) Motions to Dismiss while this case was pending in New Jersey.  In those Motions - the fees for which are not recoverable under CCP 425.16(c)(1) -

28

Defendants asserted many of the arguments which were later set forth in their anti-SLAPP Motions.[5]

Furthermore, a review of Defendants' billings show that a considerable amount of time involved attorneys performing work and tasks which overlapped and was redundant of other attorneys' work.  Though there were three separate law firms representing separate group of Defendants (Boal/ Bigelow, Summit, and The Hurt Locker Defendants), all firms and attorneys were hired by, and reported to, a single insurance company.  Under these circumstances, an award consistent with the *Kardashian* case is appropriate.

### 4.   Objections to Defendants' Itemized Billing Records

Defendants' Itemized Billing Records vary significantly when compared to the work performed, and therefore lack credibility, warranting dismissal under *Ketchum* and *Christian Research, supra*.  For example, though Defendant Summit and THL Defendants collaborated together in the drafting of a single anti-SLAPP motion so as to allegedly avoid the duplication of efforts and fees, those Defendants are claiming a total of ***366.4*** attorney hours, whereas counsel for Defendants Boal / Bigelow, while drafting their own, but very similar, motion to strike, are claiming only ***96.60*** attorney hours.  Boal / Bigelow even involved the drafting of a somewhat length Declaration form Defendant Boal.  There is no reasonable explanation for the huge discrepancy in the number of hours allegedly incurred in the drafting of similar motions.

The credibility of Defendants' fee requests are further undermined when considering that at the time of filing Defendants' anti-SLAPP motions, Defendant summit was only claiming $25,000 plus in fees, plus an estimated $12,400 for the remainder of the proceedings in their entirety (including review of opposition, drafting

---

[5] Defendants even conceded in their federal motions to dismiss that "it appears that New Jersey law applicable to the claims that Plaintiff has alleged is not materially different from California law." Therefore, much of work product which went into the later drafting of the anti-SLAPP motions was already done by virtue of Defendants having drafted and filed the federal motions to Dismiss in New Jersey. See Doc 01, Doc 25, Def Summit Brief In Support, p. 18, fn 4.

**PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

7

a reply, and attending the hearing; based upon the excess hourly rate of $450/hour for Halberstadter and $395/hour for 1st year attorney Wu). Doc 82, pp. 19-20.  Defendant Summit is now claiming almost twice this amount.

Similarly, in their anti-SLAPP motion, THL Defendants claimed an award of attorney fees in the amount of $19,155 (apparently billed at the excess hourly rate of $450). Doc 78, p 32.  Now, THL Defendants are claiming an amount nearly 5 ½ times greater than initially requested.

Because the credibility of Defendants' documented fee requests are undermined (as explained above and further explained below), the court should dismiss Defendants' Motions or significantly reduce Defendants attorney fees award.  More specific objections to Defendants' billings are addressed below.

**5.   <u>All Hours Billed Regarding Plaintiff's Ex Parte Motion for Additional Time to Respond to Defendants' anti-SLAPP Motion</u>**

All Defendants have requested fees incurred for addressing Plaintiff's Ex Parte Motion for Continuation of this Court's initial Hearing date on Defendant's Motion to Strike.  The court will recall Defendants refused to stipulate to Plaintiff's request to adjourn the hearing date for 28 days, from March to April 2011 (Plaintiff was still actively deployed in Afghanistan at the time).  The court granted Plaintiff's Motion. Because Defendants did not prevail, they should not be able to recover their fees associated with forcing Plaintiff to file the Ex Parte Motion.

**6.   <u>All Hours Billed Regarding Plaintiff's Supplemental Brief Based Upon Authorities Presented to the Court During Oral Argument</u>**

Plaintiff objects to Defendants' Billings regarding review of Plaintiff's Supplemental Motion based upon the new authorities Defendants presented to the court during oral argument held on August 8, 2011.  Because Defendant's newly raised authorities presented Plaintiff's counsel from adequately responding to same during oral argument, Plaintiff filed the supplemental brief.  Defendants should not be

**PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

permitted to further bill Plaintiff when it was their own dilatory conduct which necessitated Plaintiff's filings. Same argument applies to billings incurred in responding to Plaintiff's Supplemental Brief, and reviewing Plaintiff's second supplemental brief.

- Defendant Summit's Hours

  - Summit requests 96.60 attorney hours. Summit admittedly only filed a 2 page Joinder and a 5 page accompanying Memorandum to THL Defendants' anti-SLAPP motion (Doc 82), followed by a 6 page Reply to Plaintiff's Opposition.

  - A significant number of Summit's billing entries are partially redacted, such that it is impossible for Plaintiff's counsel to determine whether the time entered for said entry was devoted entirely to Anti-SLAPP work or whether the time was also attributed to the "redacted" event. Plaintiff objects to these incomplete, block-billed / redacted billings (ie,12-07-10, 12-22-10, 12-28-10, 01-05-11, 01-21-11, 01-28-11, 02-10-11, 03-01-11, 03-02-11, 03-03-11, 03-15-11, 03-16-11, 03-17-11, 03-28-11, 03-30-11, 08-05-11,  ). Specific objections in addition to the objection herein are as follows:

  - 12-07-10    2.0 Hrs (DH) for Conf Call & .60 Hrs (Wu) to Attend Mtg re Anti-SLAPP Mtn  [*(1) Vague, Block Billing; (2) this event is not even identified on Def Boal's billings; (3) the conference call / meeting  was to discuss the preparation for the Rule 26(f) Report, which is not anti-SLAPP work*; see Def THL Billings, 12-07-10, Doc 133-2, p25; *(4) billings are duplicative in that it is unreasonable for Summit to bill for two attorneys attending same meeting / conference*]

  - 12-22-10    2.80 Hrs for review of Anti-SLAPP matters (*the individual descriptions suggest the total time was only 1.7 hrs*)

  - 12-27-10    .5 Hrs for emails to & from T Gorry re Anti-SLAPP [*Gorry's / THL's Itemizations make no such reference to this event*]

- Defendant THL's Hours

  - THL Defendants request 225 attorney hours. THL filed a 25 page anti-SLAPP motion (half of half of which included substantive arguments similar to those made in Defendant Summit's Rule 12(b)(6) Motion to Dismiss. THL Defendants also filed a 31 page Reply.

  - A significant number of THL's billing entries are partially redacted, such that it is impossible for Plaintiff's counsel to determine whether the time entered for said entry was devoted entirely to Anti-SLAPP work or whether the time was also attributed to the "redacted" event. Plaintiff

**PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

9

objects to these incomplete, block-billed / redacted billings (ie, 11-30-10, 12-02-10, 12-03-10, 12-06-10, 12-07-10, 12-08-10, 12-10-10, 12-13-10, 12-14-10, 12-15-10, 01-03-11, 01-13-11, 01-20-11, 01-24-11, 01-27-11, 02-09-11, 02-10-11, 02-11-11, 02-14-11, 03-03-11, 03-11-11, 03-17-11, 03-31-11).  Specific objections in addition to the objection herein are as follows:

o   11-29-10     2.80 Hrs (JL) re draft motion to dismiss [*event is not anti-SLAPP work* (see entry for 12-02-10 & 12-07-10, where "motion to dismiss" is distinguished from "anti-SLAPP motion (motion to strike)")]

o   11-30-10     2.0 Hrs (JJ) for conference re choice of law issues; tel conf with Summit counsel re strategy for responsive pleading for CD Cal & review prelim orders of dist ct [*(1)events are not identified on Summit's billings; (2) events do not deal with the Anti-SLAPP Mtn*]

o   12-02-10     1.0 Hrs (JL) for draft motion to dismiss and review legal authorities supporting same and potential anti-SLAPP motion [*(1) Vague, Block Billing; (2) event as it relates to motion to dismiss is not anti-SLAPP work*]

o   12-07-10     2.50 Hrs (JJ) for review draft mtn strike, Conf Call w/ defense counsel re strategy with prep of 26(f) report, motion to strike, and motion to dismiss [*(1) Vague, Block Billing(2) this event is not identified on Def Boal's billings; (3) the conference call / meeting  was to discuss the preparation for the Rule 26(f) Report and motion to dismiss, which would have been incurred separate and apart from the Anti-SLAPP Motion (motion to strike)*].

o   12-15-10     1.80 Hrs (JL) for correspondence re anti-SLAPP motion and rule 26 report (including corr to and from Summit / Halberstadter [*(1)Vague, Block Billing; (2) event as it relates to rule 26 report is not anti-SLAPP work; (3) Summit's Itemizations make no such reference to this event*]

o   12-28-10     3.0 Hrs (JL) for correspondence concerning conflict of laws statutes and rules [*event is not anti-SLAPP work*]

o   12-29-10     3.0 Hrs (JJ) for review of authorities concerning conflicts of laws [*event is not anti-SLAPP work*]

o   01-03-11     6.30 Hrs (JL) to review Wu correspondence and review and revise Anti-SLAPP motion; draft motion to dismiss, review legal authorities supporting same [*(1)Vague, Block Billing; (2) event as it relates to motion to dismiss is not anti-SLAPP work*].

o   01-03-11     3.10 Hrs (TG) to review Wu comments and review and check anti-SLAPP motion [*redundant and duplicative of above entry by atty JL*]

**PLAINTIFF'S OPPOSITION OT DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

1    o   01-06-11      1.0 Hrs (JL & JJ) for teleconference & emails with with
2        Halberstadter [*these events do not exist in Halberstadter's / Summit's*
3        *Billings*]

**III.   CONCLUSION**

For the reasons set forth above, Defendants' Motions should be denied or, alternatively, significantly reduced consistent with the above.

Dated:  November 21, 2011          COZEN & O'CONNOR


                                   -/S/-
                                   Erik L. Jackson

LOS_ANGELES\195378\1