(19)
## Tentative Ruling

Re: ***The Revenue Resource Group v. Dash Dolls***
Superior Court Case No. 11CECG00058

Hearing Date: May 11, 2011 (Dept. 402)

Motion: by defendants to strike complaint pursuant to anti-SLAPP statutes

**Tentative Ruling:**

To grant, and to grant attorney's fees request, but to lower the amount awarded to $6,825.00.

**Explanation:**

1. **Oral Testimony Request**

This request is denied, as unnecessary to the resolution of the matter, and as no good cause was shown by plaintiff for presentation of live witnesses rather than declarations. California Rules of Court, Rule 3.1306(a).

2. **Timeliness Issue**

The Court finds that the motion is timely, based on the statement on the notices of acknowledgement and receipt that such receipt is "to be completed by sending before mailing." Mail service adds five days. Code of Civil Procedure section 1013(a) applies that five day addition to service by mail of "the notice or other paper."

Further, Code of Civil Procedure section 426.15(f) does not always require that leave to file a late motion be sought. Instead, it also permits the Court to hear a motion later than 60 days after service of the complaint, "in its discretion." Considering the strong public policy in favor of determining if anti-SLAPP protection is appropriate, a delay of five days is de minimus, and warrants an exercise of this Court's discretion to consider the motion on the merits.

3. **Plaintiff's Objections to Evidence**

Plaintiff made Objections Nos. 1 through 7 and Nos. 11 through 16 to news articles and other media discussions of the Kardashian Kard, on hearsay and other grounds. However, the materials are not offered for the truth of the matters stated in the publications, but to show that there was a public interest in this issue. These objections are overruled.

# Exhibit D

Plaintiff's Objection No. 17 is to a statement made by plaintiff's counsel and reported in the media. The same basis for the objections is tendered, however this is offered to show that plaintiff also knew of the public interest in the subject. Plaintiff's Objections Nos. 8 through 10 are to the Connecticut Attorney General's letter, on the same basis. These objections are also overruled.

Plaintiff's Objections Nos. 18 and 19 are to defense counsel's recollection of the settlement discussions and extension of time to file this motion. They are not hearsay; counsel has a personal recollection of what he himself was involved in. The statements are not susceptible to the objections for lack of foundation, speculation, inadmissible opinion, or that they are argumentative. These objections are also overruled.

Lastly, plaintiff's objection No. 20 is to all exhibits to the declaration of defense counsel. Those items are the media reports, the Connecticut AG's letter, and the correspondence between counsel in this case. The objections are made for the same reasons as the above and are overruled for the same reasons.

**4.      Defendants' Objections to Evidence**

Objection No. 1 is made to paragraph 4 of Ms. Castro-Ayala's declaration describing the letter she is attaching. The objection is that the document speaks for itself. That is true, but the declaration contents authenticate it. This objection is overruled.

Objection No. 2 is to paragraph 5 of her declaration, wherein she relates she granted no extension on the 60 day period for the anti-SLAPP motion. The objection is that her statement is an inadmissible legal opinion, speculation, irrelevant, and lacks foundation. These are overruled. She knows what she personally did and did not do. Objection No. 3 is to Mr. Miller's declaration, paragraph 6, stating his belief as to why the anti-SLAPP motion was filed. The objections are that the statement is an impermissible legal opinion, argumentative, lacks foundation, is speculation, and irrelevant. As a statement of evidence, it is speculation, and that objection is sustained.

Objection No. 4 is to paragraph 8 of Mr. Miller's declaration, which Mr. Miller states is based on information and belief. The objection is hearsay, which is sustained. "An examination of the affidavits discloses that the statements therein were upon information and belief or hearsay evidence. Hence they were devoid of any evidentiary value." *Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2d 622, 623, citing *Kellett v. Kellett* (1934) 2 Cal. 2d 45, 48: "As evidence, an affidavit made upon information and belief is hearsay and no proof of the facts stated therein." *Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal. App. 3d 201, 204 relies on *Kellett* for this point.

Exhibit D

Objection No. 5 is to paragraph 10 of Mr. Miller's declaration, concerning a letter sent to defense counsel. The objections are that the letter is argumentative and contains an impermissible legal opinion. These objections are overruled. A statement of position in a meet and confer letter is admissible to show that meet and confer occurred, and what was discussed.

Objection No. 6 is to paragraph 11 of Mr. Miller's declaration, wherein Mr. Miller states he never granted an extension for the anti-SLAPP motion. The objections are the same as for Ms. Castro-Ayala's declaration on this point, and are overruled for the same reason.

4.   **Discussion of Basic Tenets of anti-SLAPP Protection**

"SLAPP is an acronym for Strategic Lawsuit Against Public Participation. SLAPP litigation, generally, is litigation without merit filed to dissuade or punish the exercise of First Amendment rights of defendants." *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal. App. 4th 855, 858. The relative burdens of the parties with regard to such a motion are set forth in *Shekhter v. Fin. Indem. Co.* (2001) 89 Cal. App. 4th 141, 150-151 (citations omitted):

> "The burdens of proof on a special motion to strike pursuant to section 425 [are] as follows: Section 425.16, subdivision (b)(1), requires the trial court to engage in a two-step process when determining whether a defendant's section 425.16 motion to strike should be granted. First, the court decides whether the defendant has made a threshold prima facie showing that defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue. If the court finds that such a showing has been made, then the plaintiff will be required to demonstrate that 'there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1). The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue."
>
> "In terms of the so-called threshold issue, the moving defendant's burden is to show the challenged cause of action 'arises' from protected activity. Once it is demonstrated the cause of action *arises* from the exercise of the defendant's free expression or petition rights, then the burden shifts to the plaintiff to show a probability of prevailing in the litigation. Under section 425.16, subdivision (b)(2), the trial court, in making its determination, considers the pleadings and affidavits stating the facts upon which the liability or defense is based."

# Exhibit D