KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
  dkinsella@kwikalaw.com
JEREMIAH T. REYNOLDS (SBN 223554)
  jreynolds@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants Mark Boal and
Kathryn Bigelow

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE HURT LOCKER, LLC; MARK BOAL; KATHRYN BIGELOW; GREG SHAPIRO; NICOLAS CHARTIER; TONY MARK; DONALL MCCLUSKER; SUMMIT ENTERTAINMENT, LLC; VOLTAGE PICTURES, LLC; GROSVENOR PARK MEDIA, LP; FIRST LIGHT PRODUCTIONS, INC.; KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>　　　　Defendants. | CASE NO. 2:10-cv-09034-JHN (JCx)<br><br>**REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>Date:　December 12, 2011<br>Time:　2:00 p.m.<br>Room:　790 |

## I. DEFENSE COUNSELS' RATES ARE REASONABLE

Defendants Mark Boal and Kathryn Bigelow ("Defendants") have moved for an award of attorneys' fees in the amount of $42,195.00 as prevailing Defendants in this action pursuant to the Court's Order entered on October 13, 2011. In determining the "prevailing rates," Plaintiff first argues that the Motion should be denied because Defendants only submitted their counsels' declarations regarding the reasonableness of the attorneys' hourly rates for attorneys in their community.

"On the issue of a reasonable rate for the attorney's services, courts usually consider:

— the prevailing rate charged by attorneys of similar skill and experience for comparable legal services in the community;

—the nature of the work performed; and

—the attorney's customary fee." *Rutter Group Prac. Guide Fed. Civ. Trials & Ev.*, Ch. 19-B, § 19:319 (Online Ed. 2011).[1]

The Court may use its own knowledge of prevailing rates and look to other cited cases to determine whether defense counsels' rates are reasonable. *See Bademyan v. Receivable Management Services Corp.*, 2009 WL 605789, *5 (C.D. Cal. 2009).[2] In *Love v. Mail on Sunday*, 2007 WL 2709975, *8 (C.D. Cal. 2007), the District Court found that partner rates in Los Angeles between $690 to $540 an hour were "consistent with the rates typically charged by other highly-regarded southern California law firms for similar work by attorneys of comparable

---

[1] Citing *Kerr v. Screen Extras Guild, Inc.*, 526 F2d 67, 69 (9th Cir. 1975); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F3d 1332, 1337 (11th Cir. 2001) (agreed-upon billing rate is strong indication of reasonable rate); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F.Supp.2d 1179, 1183 (N.D. Cal. 2004))

[2] Citing *Plan Administrator v. Kienast*, No. 2:06-cv-1529, 2008 WL 1981637, *4 (W.D.Pa. May 2, 2008); *Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir.1996)); *Moreno v. Empire City Subway Co.*, No. CV 05-7768(LMM)(HBP), 2008 WL 793605, *7 (S.D.N.Y. Mar. 26, 2008); *Shephard v. Dorsa*, No. CV 95-8748 ER (JGx), 1998 WL 1799018, *2 (C.D.Cal. July 2, 1998).

experience." *Id. citing Comite De Jornaleros De Redondo Beach v. City of Redondo Beach*, 2006 WL 4081215, *3 (C.D. Cal. 2006) (finding that $600 was a reasonable hourly rate in 2006 for a partner at Morrison & Forrester's Los Angeles office). Similarly, in *A. Printex Industries, Inc. v. William Carter Co.*, 2010 WL 4916634 (C.D.Cal. 2010), the District Court held that rates ranging from $730 per hour for partners to $346 per hour for associates were reasonable in intellectual property litigation.[3]

    Here, the Court can determine based upon the evidence submitted that the "blended rate" of $450 per hour for defense counsel is reasonable in the circumstances of this case. This case involved complicated issues of intellectual property law that required counsel experienced in the area of the right of publicity in California. Plaintiff unsuccessfully attempts to narrowly categorize the instant case as only involving an anti-SLAPP motion, but that does not fairly characterize the underlying issues litigated in the context of the anti-SLAPP motion.

    However, if the Court believes that it requires additional evidence, such as expert declarations, to establish the reasonableness of defense counsels' rates, then the Motion should be denied ***without prejudice***, and Defendants should be allowed the opportunity to re-file the Motions with such a declaration attached for the Court's consideration.

---

[3] *See also Automobile Club Of Southern California v. The Auto Club, Ltd.*, 2007 WL 909599, *2 (C.D.Cal. 2007) (finding that $439 hourly rate for partners in Los Angeles was reasonable in awarding fees for motion brought under C.C.P. § 425.17 (exception to SLAPP statute); *Fleming v. Coverstone*, 2009 WL 764940, at *7 (S.D.Cal.2009) (finding that $425 hourly rate for shareholder/partner in San Diego was reasonable hourly rates for anti-SLAPP attorneys' fees based on the Court's knowledge); *Cornwell v. Belton*, 2008 WL 80724 (S.D.Cal.2008) (granting attorneys' fees request where attorneys charged hourly rates of $400 for the lead counsel and partner in the firm in an anti-SLAPP proceeding).

## II. THE AMOUNT OF HOURS SPENT LITIGATING THIS MATTER WAS REASONABLE

Defendants have submitted detailed bills as exhibits to their Motion reflecting the amount of time spent litigating Defendants' anti-SLAPP motion. Plaintiff has not objected to *any* individual time entries in Defendants' bills as excessive or unreasonable. As such, the Court should find that the amount of hours spent litigating this matter was reasonable.

Plaintiff's sole argument with respect to the moving Defendants is based upon a *tentative* decision from an unrelated matter in the Superior Court of California, *County of Fresno* where Defendants' counsel was tentatively awarded the sum of $6,825.00 in connection with an anti-SLAPP motion. A *tentative* opinion is not a citable final opinion and should not be considered by the Court. *See Thomas v. Housing Authority of Los Angeles*, 2005 WL 6133692 (C.D. Cal. 2005) (a "tentative order binds neither the court nor the parties").[4]

Furthermore, it is nonsensical to suggest that all anti-SLAPP motions are equivalent, and therefore the amount of fees awarded should be identical no matter the case. The Court's award of attorneys' fees in the tentative opinion was based upon the particular circumstances of that case and upon hourly rates in the Fresno area, not Los Angeles. The issues presented in the anti-SLAPP motion in the Fresno case did not involve complicated issues of intellectual property law, like the instant case. Thus, the Court should not base its decision on the Fresno tentative opinion.

\ \ \

\ \ \

\ \ \

---

[4] Defendants also object because Plaintiff's counsel does not have *personal knowledge* regarding whether a tentative opinion of the Superior Court of California, County of Fresno is authentic. *See* Fed. R. Evid. 901.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to award them attorneys' fees against Plaintiff in the amount of $42,195.00.

DATED: November 28, 2011  KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s Jeremiah Reynolds
    Jeremiah T. Reynolds
    Attorneys for Defendants Mark Boal and Kathryn Bigelow

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10571.00002/93842.1                         4                         2:10-cv-09034-JHN (JCx)
REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES