TIMOTHY J. GORRY  (SBN 143797)
tgorry@eisnerlaw.com
JON-JAMISON HILL  (SBN 203959)
jhill@eisnerlaw.com
JACKIE M. JOSEPH  (SBN 151102)
jjoseph@eisnerlaw.com
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California  90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>Plaintiff,<br><br>v.<br><br>THE HURT LOCKER, LLC;  MARK BOAL;  KATHRYN BIGELOW;  GREG SHAPIRO;  NICOLAS CHARTIER;  TONY MARK;  DONALL MCCLUSKER;  SUMMIT ENTERTAINMENT, LLC;  VOLTAGE PICTURES, LLC;  GROSVENOR PARK MEDIA, LP;  FIRST LIGHT PRODUCTIONS, INC.;  KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>Defendants. | Case No.  2:10-cv-09034-JHN (JCx)<br><br>**REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES BY DEFENDANTS THE HURT LOCKER, LLC, GREG SHAPIRO, NICOLAS CHARTIER, VOLTAGE PICTURES, LLC, GROSVENOR PARK MEDIA L.P. AND KINGSGATE FILMS, INC.**<br><br>Date:    December 12, 2011<br>Time:   2:00 p.m.<br>Courtroom:     790<br><br>[Declaration Of Timothy J. Gorry submitted concurrently herewith]<br><br>*Assigned to the Honorable Jacqueline H. Nguyen* |

i

## I. INTRODUCTION

Plaintiff hired multiple attorneys from no less than three law firms to spearhead a lawsuit against thirteen defendants that alleged seven separate claims[1] in a twenty-six page Complaint. Plaintiff filed five legal memoranda in connection with opposing Defendants'[2] motion to strike the Complaint (the "Anti-SLAPP Motion").[3] Yet, after dismissal of his claims and confronted with Defendants' motion for attorneys' fees (the "Fee Motion"), Plaintiff argues that this was a simple lawsuit, and that the attorneys representing Defendants ("Defense Counsel") overstaffed the case, overbilled, and overcharged for the work they performed.

Plaintiff's assertion that the Court should not assess any attorneys' fees, or substantially reduce the requested award fails for a number of reasons. First, the two documents Plaintiff submits as "evidence" that Defense Counsel's rates are unreasonably high are objectionable because they are inadmissible and have no relevance. Specifically, the tentative ruling issued by a Superior Court in Fresno does not dictate rates in the Los Angeles legal market, and does not reflect any analysis as to how or why that court reached the attorneys' fees figure it did. Likewise, Plaintiff's reference to a generalized survey and nationwide rate statistics provides no guidance for determining a reasonable hourly rate for complex litigation in the Los Angeles legal market. Defense Counsel supplied the proper foundation for the rates they charge, and those rates are reasonable and appropriate based upon the nature of the action and the market in which the services were rendered.

Second, Plaintiff's attempt to attack the total amount of Defendants' fee request fails to properly analyze the law and facts of this case. Plaintiff's argument that any

---

[1] There are actually more than seven claims pled, because certain counts attempt to state multiple claims. For example, Count VII alleges both "constructive fraud" and "negligent misrepresentation," which are separate causes of action that were separately analyzed in the Anti-SLAPP Motion.

[2] "Defendants" refers to The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Pictures, LLC, Grosvenor Park Media, L.P. and Kingsgate Films, Inc.

[3] [Dkt. Nos. 88, 93, 103, 104, 110, and 128].

award should be limited to an artificially narrow interpretation of the time spent preparing the Anti-SLAPP Motion itself ignores well settled California law, which holds that a prevailing defendant is broadly entitled to fees for *all work* related to an anti-SLAPP motion.

Finally, Plaintiff's attempts to nit-pick individual time entries are unavailing. For example, Plaintiff cannot credibly claim that choice or conflict of laws issues were not relevant to the Anti-SLAPP Motion. That issue is not only briefed in the Anti-SLAPP Motion, but it is the first legal issue addressed in the Court's Order Granting Defendants' Motions to Strike. Similarly, the few early billing entries for a "motion to dismiss" were directly related to the Anti-SLAPP Motion. The legal arguments supporting dismissal of Plaintiff's claims were incorporated into the Anti-SLAPP Motion, as evidenced by the substance of the Anti-SLAPP Motion itself and the fact that Defendants never filed a separate motion to dismiss.

Defendants' request for attorneys' fees is reasonable and appropriate under the circumstances presented. For the reasons set forth below, and as detailed in Fee Motion and the accompanying Declaration of Timothy J. Gorry, Defendants respectfully ask this Court to grant the instant Motion in its entirety and award them statutory attorneys' fees against Plaintiff in the amount of $111,200.00.

## II.   LEGAL ARGUMENT

### A.   The Rates Charged By Defense Counsel For This Matter Are Reasonable And Appropriate Under The Circumstances.

#### 1.   Plaintiff Relies On Improper "Evidence" To Support His Contention That Defense Counsel's Rates Are Excessive.

To support his claim that Defense Counsel's rates are unreasonable, Plaintiff offers two pieces of evidence. First, Plaintiff offers a tentative decision in a California state court case that was decided in the Superior Court in Fresno. Second, Plaintiff offers a survey that includes an "average hourly billing rate" statistic for the Pacific states. This purported "evidence" fails to provide a legal, factual or practical basis for

rejecting Defendants' request for attorneys' fees in this lawsuit.

### a. A Tentative Decision Issued In A State Court Action In Fresno, California, Cannot Be Used To Establish Reasonable Attorneys' Fees In The Los Angeles Legal Market.

In an effort to demonstrate that Defendants' fee request is unreasonable, Plaintiff cites a purported fee award from a Fresno County Superior Court, where one of the defense firms involved in this action sought fees in connection with an anti-SLAPP motion. Plaintiff claims that, because a relatively small amount was awarded to defense counsel in that case, the Court should limit any award to the Defendants in this case. Plaintiff's argument lacks merit for several reasons.

First, the document attached to the Declaration of Todd Weglarz is labeled "tentative ruling," which indicates that the document does not reflect the final ruling of the Fresno Superior Court.[4] [Dkt. No. 141-5, Weglarz Decl., Ex. D.] Neither the document itself, nor Plaintiff's Opposition, indicates how the court *actually* ruled or the amount it ultimately awarded the defendant in that case.

Second, the document appears to be missing pages. Although it mentions the amount the Fresno Superior Court considered awarding, it does not include any analysis to detail how the court reached its opinion. As submitted, the tentative ruling does not include any discussion concerning the number of hours defense counsel worked, or the hourly rate the court used to compute the total amount of the fee award, which are both essential to understanding why the court reached the amount identified

---

[4] Defendants formally object to the admissibility and use of this document. The statements made in the document constitute inadmissible hearsay. See Fed. R. Evid. 801, 802. The declarant, *i.e.* Plaintiff's counsel, does not establish any foundation for this document. See Fed. R. Evid. 602. The document is also irrelevant, because it does not reflect any actual ruling made by the Fresno Superior Court. See Fed. R. Evid. 401, 402.

in the tentative ruling.[5]

This leads directly to a third problem; the tentative ruling lacks any analysis of the issues raised by the underlying anti-SLAPP motion filed in that lawsuit.  Neither the document, nor Plaintiff's Opposition, offers any way to compare the Fresno case with the complex legal questions and additional procedural issues raised in the present action.  Without some rational means of comparing the two cases, there is no basis for comparing the tentative ruling in the Fresno Superior Court matter to the fee award Defendants request in this case.

Finally, the Fresno legal market is not the same market as Los Angeles.  Even if the tentative ruling disclosed the rate(s) used to calculate the amount (it did not), Plaintiff has not and cannot demonstrate that a reasonable hourly rate charged in Fresno is the same as or similar to reasonable hourly rates charged by attorneys in Los Angeles.

For these reasons, the tentative ruling of the Fresno Superior Court has no bearing on this Court's determination of the attorneys' fees awarded to Defendants here.

    **b. The "Statistics" Plaintiff Cites Are Neither Competent Evidence Of, Nor Substantively Relevant To, Hourly Rates Charged In The Southern California Legal Market.**

Plaintiff offers a summary of a survey that purports to discuss hourly billing rates to support his argument that the hourly rate charged by Defendants' counsel for this matter is unreasonably high.  The "evidence" is subject to a host of objections, and it offers no proper basis to calculate the hourly rates that the Court should use to

---

[5] Plaintiff's Opposition claims that the Fresno court used a rate of $300 per hour to calculate the fees, but that figure is not reflected anywhere in the three pages of the tentative ruling Plaintiff submitted to the Court.  [Dkt. No. 141-5, (Weglarz Decl.), Ex. D.]

1  award fees in this action.[6]

2  First, there is no indicia that the figures quoted in the article are statistically significant or are representative of the rates actually charged by California attorneys. As demonstrated by the multiple declarations submitted to the Court by different lawyers from different law firms in support of the various motions for attorneys' fees brought in this case, the figures certainly do not reflect rates for the Los Angeles market. The survey generalizes rates by region, and Plaintiff points to the "pacific" figure, which includes Oregon, Washington, Arizona and Hawaii, as well as California. The rate Plaintiff quotes in his Opposition simply does not reflect a reasonable rate for the Los Angeles market.

Second, the rates quoted in the article are not litigation rates. The article makes clear that the survey covered all types of law, and references "average" hourly rates for labor and employment, real estate, land use, and "general law." The survey therefore offers no basis for setting a reasonable rate for the work done in the instant action, which covered a high profile case with complex legal issues.

Finally, the rate listed in the article is an "average" rate for attorneys of all experience levels. Even assuming that $319 was the average rate for complex civil litigation in the Los Angeles area, a higher rate is not, in and of itself, unreasonable.

The Court should not use the article Plaintiff provides as a basis for calculating a fee award here. The generalized survey and statistics provide no real guidance for determining a reasonable hourly rate for complex litigation in the Los Angeles area.

---

[6] Defendants formally object to the admissibility and use of this document. The statements made in the document constitute inadmissible hearsay. See Fed. R. Evid. 801, 802. The declarant, *i.e.* Plaintiff's counsel, does not establish any foundation for this document. See Fed. R. Evid. 602. The document is also irrelevant, because it does not reflect the actual billing rates for Los Angeles or California litigators. See Fed. R. Evid. 401, 402.

### 2. Defense Counsel Offer Proper Support For The Rates They Charged Defendants.

Plaintiff challenges the rates that Defense Counsel charged by claiming that Defendants offered no evidence to support the reasonableness of the rates used to calculate the fees they request through the Motion. Plaintiff is wrong. The declaration supporting the Motion sets forth the factual basis for Defendants' figures, and Timothy Gorry's testimony fully supports the reasonableness of Defense Counsel's rates. [Dkt. No. 133-1 (Gorry Decl.), ¶¶4-12.]

The rates charged by other defense counsel in this action also support the reasonableness of the rates charged by Defendants' counsel. Supporting declarations offered by counsel who separately represented other defendants in the action charged similar rates to those charged by Defendants' attorneys. [Dkt. No. 132-1 (Reynolds Decl.), ¶¶4-5; Dkt. No. 134-1 (Halberstadter Decl.), ¶¶7-10.] This supports Defendants' argument that the rates they used to calculate their fee request are commensurate with other practitioners in the Los Angeles area who would have handled this type of matter.

Finally, this Court regularly reviews fee applications, and through that experience, the Court necessarily knows the rates charged by Los Angeles practitioners charge for complex litigation. This Court has broad discretion to utilize the Court's own experience and expertise when fixing a reasonable hourly rate for the fee award. See PLCM Group v. Drexler, 22 Cal. 4th 1084, 1096-1097 (2000). That experience and expertise should lead the Court to find that the rates charged by Defendants' attorneys are reasonable for the work performed in this case.

### B. The Amount Of Defendants' Fee Request Is Reasonable Under The Circumstances Presented.

Some of Plaintiff's arguments in opposition to the fee amounts requested generally relate to all three motions before the Court, while others relate specifically to the fee request made by Defendants. None of Plaintiff's arguments has merit.

First, Plaintiff argues that there is a great disparity between the total number of hours that Defense Counsel and Summit Entertainment LLC's attorneys spent on their motion and the number of hours claimed by counsel representing Mark Boal and Kathryn Bigelow. This is not a valid comparison because the hour totals cited by Plaintiff are not limited to preparation of the parties' moving papers. All of the defense counsel presumably included all work they performed in connection with the Anti-SLAPP Motions, as they are allowed to by law. See Ketchum v. Moses, 24 Cal. 4th 1122, 1141 (2001) (holding that a fee award under Cal. Civ. Proc. Code §425.16(c) should include all fees reasonably expended in connection with any aspect of an anti-SLAPP motion); see also Jackson v. Yarbray, 179 Cal. App. 4th 75, 92-93 (2009). The billing records attached to each defendants' motion for attorneys' fees discloses the varied work performed by the three firms separately representing defendants in this action and discloses the bases for the additional time spent by certain firms.

Second, in a related argument, Plaintiff asserts that Defense Counsel's reasonable fees are limited to the moving papers themselves, and additional but related items, such as opposing Plaintiff's *ex parte* application and analyzing and responding to Plaintiff's "supplemental" submissions, should be excluded from the fees award. As noted just above, California law holds otherwise. Defendants are entitled to *all* fees that were incurred in connection with *any* aspect of the Anti-SLAPP Motion. See Ketchum, 24 Cal. 4th at 1141; see also Jackson, 179 Cal. App. 4th at 92-93.

Third, Plaintiff argues that it is unreasonable to award fees that Defendants expended to oppose Plaintiff's *ex parte* application, because the Court ultimately granted the relief Plaintiff requested through that submission. Plaintiff offers no legal authority for this proposition, and again, it contravenes well settled California law. The *ex parte* application was directly tied to the Anti-SLAPP Motion and impacted the briefing schedule for that motion, bringing it within the scope of the fee award.

7

See Ketchum, 24 Cal. 4th at 1141; see also Jackson, 179 Cal. App. 4th at 92-93.

Fourth, Plaintiff contends that Defendants' prior request for fees, which was made in the moving papers themselves, serves to limit the amount of fees they may now demand. Again, this is not a valid comparison. Defendants' initial request sought only a partial award and was tied solely to the preparation of the moving papers. The instant Fee Motion accounts for all hours reasonably expended in connection with Defendants' Anti-SLAPP Motion, and includes fees for drafting the extensive reply papers, opposing Plaintiff's *ex parte* application, handling Plaintiff's supplemental filings, and preparing for and participating in the hearing on the Anti-SLAPP Motion. These items required a significant amount of work by Defense Counsel, and time entries for each are set forth in the detailed billing summary that accompanied the Fee Motion.

Finally, Plaintiff objects to several individual line items in Defense Counsel's billing records, nearly all of which fall within two categories. Plaintiff contends that research and analysis of choice or conflict of law issues is not tied to the Anti-SLAPP Motion. This argument ignores the plain record before the Court. Choice and conflict of law was an issue briefed in Defendants' Anti-SLAPP Motion, and in Plaintiff's opposition to that motion. The Court specifically addressed this issue in its ruling, and it is the very first legal issue discussed in the Court's Order [Dkt. No. 129 (Order Granting Defendants' Motions To Strike), p. 4.] The time devoted by Defense Counsel to this issue was plainly integral to the Anti-SLAPP Motion.

Plaintiff also chastises Defendants for including billing entries that reference a "motion to dismiss." However, the title of the document or the reference in the billing entry does not change the nature of work performed. The work product was used for the Anti-SLAPP Motion, and the timing of the billing entries demonstrates the veracity of this fact.[7]

---

[7] Notably, Defendants did not file a separate motion to dismiss. All arguments for dismissal, both legal and factual, were made through the Anti-SLAPP Motion.

8

Based upon the circumstances presented, Defendants' attorneys' fees request is reasonable. The fact that Defendants, and the other named defendants in this action, seek a significant amount of attorneys' fees does not lead to the conclusion that their requests are outrageously high. Plaintiff cannot dispute, and the record itself discloses, that Defense Counsel was required to expend a great deal of time and effort on this matter, much of which was necessitated by Plaintiff's own actions.

This Court has broad discretion to award fees and freely determine the amount of that award based on a number of factors, including the Court's own expertise. See PLCM Group v. Drexler, 22 Cal. 4th 1084, 1096-1097 (2000). The filings and appearances in this case provided this Court with a familiarity of the quality of services performed by Defense Counsel and the amount of time devoted to the case, and along with the supporting declaration and billing records, provide with Court with ample grounds to conclude that Defendants' fee request is reasonable and proper. See id. at 1096; see also In Re Marriage Of Cueva, 86 Cal. App. 3d 290, 301 (1978) (noting that "in many cases the trial court will be aware of the nature and extent of the attorney's services from its observation of the trial proceedings and pretrial and discovery proceedings").

### III.  CONCLUSION

For the reasons set forth above, and as detailed in Fee Motion and the accompanying Declaration of Timothy J. Gorry, Defendants respectfully ask this Court to grant the instant Motion in its entirety and award them statutory attorneys' fees against Plaintiff in the amount of $111,200.00.

Dated: November 28, 2011          EISNER, KAHAN & GORRY

By: /s/ *Timothy J. Gorry*
 Timothy J. Gorry
Attorneys for Defendants The Hurt Locker, LLC, Greg Shapiro, Nicolas Chartier, Voltage Films, LLC, Grosvenor Park Media. L.P. and Kingsgate Films, Inc.