1  DAVID HALBERSTADTER (SBN 107033)
   david.halberstadter@kattenlaw.com
2  SALLY WU (SBN 266294)
   sally.wu@kattenlaw.com
3  KATTEN MUCHIN ROSENMAN LLP
   2029 Century Park East
4  Suite 2600
   Los Angeles, CA 90067-3012
5  Telephone:  310.788.4400
   Facsimile:  310.788.4471
6
7  Attorneys for Defendant
   SUMMIT ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JEFFREY S. SARVER,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE HURT LOCKER, LLC;  MARK BOAL;  KATHRYN BIGELOW;  GREG SHAPIRO;  NICOLAS CHARTIER;  TONY MARK;  DONALL MCCLUSKER;  SUMMIT ENTERTAINMENT, LLC;  VOLTAGE PICTURES, LLC;  GROSVENOR PARK MEDIA, LP;  FIRST LIGHT PRODUCTIONS, INC.;  KINGSGATE FILMS, INC. and PLAYBOY ENTERPRISES, INC., Jointly and Severally,<br><br>  Defendants. | Case No.  2:10-cv-09034-JHN (JCx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES BY DEFENDANT SUMMIT ENTERTAINMENT, LLC**<br><br>Date:  December 12, 2011<br>Time:  2:00 p.m.<br>Courtroom:  790<br><br>*Assigned to the Honorable Jacqueline H. Nguyen* |

## I.     INTRODUCTION.

By his omnibus opposition to the motions for an award of attorneys' fees filed by the various prevailing Defendants (the "Opposition"), Plaintiff Sgt. Jeffrey S. Sarver ("Plaintiff") argues (i) that neither Defendant Summit Entertainment, LLC ("Summit") nor the other moving defendants presented evidence establishing that the hourly rates charged in connection with their respective anti-SLAPP motions (collectively, the "Anti-SLAPP Motion") are consistent with the prevailing rates in the Central District of California, (ii) that the total fees billed by Summit's counsel (as well as the other defendants' counsel) were excessive and (iii) that specific entries on the billing records submitted in connection with the various Defendants' fee applications are subject to challenge, deletion or reduction.

In fact, the Opposition provides no basis either for denying Summit's motion for attorneys' fees (the "Motion") or for substantially reducing the amount of fees requested by Summit.  The Motion was amply supported by evidence establishing that the hourly rates charged by Summit's counsel were substantially _below_ the prevailing rates in this District for attorneys of comparable education, experience and expertise; and the Opposition offers no evidence to challenge this.  The Opposition likewise does not offer any evidence to support the assertion that the total fees billed by Summit's counsel were excessive.  To the contrary, the amount of fees and costs requested by Summit are justified and reasonable and amply supported by the invoices concurrently submitted with the Motion.

The remainder of Plaintiff's objections to Summit's time entries are demonstrably untrue:  the entries on the billing records for Summit's attorneys do not vary substantially from those on the billing records submitted by the other defendants; Summit's time entries are neither vague nor block-billed; all of Summit's billing entries clearly evidence that the time billed was incurred in connection with the Anti-SLAPP Motion, and Summit's counsel does not seek recovery for opposing Plaintiff's request for additional time to respond to the Anti-SLAPP Motion or for the

supplemental briefing that took place following the hearing on that motion, even though recovery of such fees would have been appropriate.[1]

For all of these reasons, addressed in greater detail below, Summit respectfully requests that the Court grant the Motion and award Summit the total sum of $65,994.78, comprising $61,717.50 in attorneys' fees and $4,277.28 in recoverable costs.

## II. THE ATTORNEYS' FEES AND COSTS REQUESTED BY SUMMIT ARE REASONABLE AND APPROPRIATE.

### A. The Motion Demonstrates That The Hourly Rates Charged By Summit's Counsel Are Consistent With, If Not Lower Than, The Prevailing Rates In This District.

Summit's lead counsel, a partner with nearly 30 years of experience who specializes in entertainment-related and intellectual property litigation, billed his time at a discounted rate of $450 for the defense of this matter. His customary hourly rate is $650. Based upon his personal knowledge, Mr. Halberstadter testified that the hourly rates charged to Summit were substantially below those typically charged by attorneys in the Los Angeles area with comparable years of experience and expertise, and were most certainly "reasonable."[2] Both Mr. Gorry (counsel for the Hurt Locker Defendants) and Mr. Reynolds (counsel for Defendants Boal and Bigelow) submitted similar sworn testimony. Nevertheless, Plaintiff argues that Defendants failed to present evidence establishing that their hourly rates are consistent with the prevailing rates in this District, suggesting that the declarations of counsel are insufficient by

---

[1] Additionally, Plaintiff has failed to oppose Summit's request for third party costs incurred, in the sum of $4,277.28, thereby conceding that the costs are reasonable and recoverable.

[2] Given that Mr. Halberstadter's current hourly rate is $650 per hour, his reduced billing rate of $450 for this matter is presumptively reasonable. Mandel v. Lackner, 92 Cal. App. 3d 747, 761 (1979) ("The value of an attorney's time generally is reflected in his normal billing rate").

2
REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES – BY SUMMIT ENTERTAINMENT, LLC

themselves.[3]  Plaintiff contends that $450 per hour is above the prevailing hourly rate for attorneys in this District, and that counsel's hourly rates in connection with the Anti-SLAPP Motion should be reduced to $300.[4]

In support of his argument, Plaintiff offers three pieces of purported "evidence":  (1) an article summarizing the results of a 2009 survey of average hourly billing rates for small and mid-sized law firms in the western United States; (2) an unpublished tentative decision issued by the Superior Court in Fresno, California awarding attorneys' fees to the same counsel who represents Defendants Boal and Bigelow in this action; and (3) a 2010 attorney fees award issued by a court in the Central District of California, in which the court found that $350 per hour was reasonable in that instance.  None of this purported evidence supports a reduction in the hourly rates of Summit's counsel in this action.

First, the article summarizing the results of a 2009 survey of attorneys' fees is irrelevant and inadmissible for any number of reasons.  Even if the article accurately summarizes the survey it discusses, the survey focused on the hourly rates of small and mid-size law firms comprising between 21 and 40 attorneys, whereas Summit's counsel is a large national law firm comprising more than 600 attorneys in locations across the United States and an affiliate in London.  The survey's finding of an average hourly billing rate of $319 apparently also was based on the rates charged throughout California, Oregon, Washington, Hawaii and Arizona combined, not

---

[3]  Plaintiff dishonestly suggests that in Kearny v. Foley and Lardner, 553 F.Supp.2d 1178 (S.D. Cal. 2008), the district court denied a request for attorneys' fees when the hourly rate upon which the motion was based was only presented with the movant's attorney's declaration. [Opp., p. 3.]  In fact, the attorney's declaration in Kearney did not offer any testimony about the prevailing rates in that district (among other evidentiary shortcomings), so the court denied the fee motion without prejudice to a renewed and properly supported application.

[4]  Plaintiff's request that Mr. Halberstadter's fee be arbitrarily reduced to an hourly rate of $300 is especially disingenuous given the fact that the attorneys who originally filed Plaintiff's Complaint have requested fees at rates as high as $1,000 per hour.  See Swans v. City of Lansing, 65 F. Supp. 2d 625, 647 (W.D. Mich.1998) (motion for attorneys' fees for law firm of Fieger, Fieger & Schwartz, PC where "Plaintiff has requested fees for its attorneys at rates as much as $1,000 per hour").

3
REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES – BY SUMMIT ENTERTAINMENT, LLC

merely law firms in this District.[5]  Finally, the survey purports to calculate only the <u>average</u> hourly rate for the surveyed market, and therefore does not tend in reason to prove that the actual hourly rates charged by Summit's counsel in this action are inconsistent with the prevailing rates in this District for attorneys of comparable experience that practice entertainment-related litigation.[6]

Second, even if the unpublished tentative decision apparently issued by a California Superior Court sitting in Fresno was of any evidentiary value, it would have no application to Summit's fee application.  Presumably, the court's tentative decision was based upon the prevailing hourly rates in Fresno, not Los Angeles; and the fact that the award was granted to the same counsel that represents defendants Boal and Bigelow in this action has no bearing on the prevailing rates in this District for attorneys with experience comparable to Summit's counsel.

Third, in <u>Fein v. Kesterson</u>, 2010 WL 4902281 (C.D. Cal. Nov. 23, 2010), another unpublished decision upon which Plaintiff relies, the prevailing defendant on an anti-SLAPP motion was awarded attorneys' fees at based on an hourly rate of $350 <u>because that was the rate requested by the defendant and billed by the defendant's lead attorney</u>.  In other words, the district court in <u>Fein</u> did not reduce the hourly rate from a higher amount; or find that $350 per hour was the prevailing rate in this District for all practicing attorneys, regardless of their experience and years of practice; or that $350 per hour is the maximum rate allowable in connection with an anti-SLAPP motion.  Rather, the district court found merely that the hourly rate charged by defendant's counsel and requested by the defendant was reasonable based on

---

[5]  Even Plaintiff concedes that the Court must look at the prevailing hourly rate for similar work and attorneys with similar experience in this District.  <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992) ("the general rule is that the rates of attorneys practicing in the forum district . . . are used").

[6]  Summit therefore objects to Exhibit B to the Weglarz Declaration pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

4
REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES – BY SUMMIT ENTERTAINMENT, LLC

counsel's experience (over ten years of experience as a litigator) and the prevailing rates within the Los Angeles community.  Id. at *3.[7]

### B. Other Attorneys' Fees Awards Issued In This District Demonstrate The Reasonableness Of The Rates Charged By Summit's Counsel.

A review of attorneys' fees recently awarded in this District further demonstrates that $450 per hour is a reasonable hourly rate for a party prevailing on an anti-SLAPP motion.  In Ritch v. Bobb, 2009 WL 734089, at *2 (C.D. Cal. Mar. 16, 2009), the court found that hourly rates of $400 and $450 for the defense attorneys in that case were reasonable, based on the declaration of the moving attorney, supporting invoices, and the court's own familiarity with the rates charged by other firms in the Los Angeles legal community.  In Auto. Club of So. Cal. v. The Auto Club, Ltd., 2007 WL 909599, at *2 (C.D. Cal. Mar. 15, 2007), the court found that hourly rates of $439 for partners, $350 for associate and $140 for paralegal was reasonable.  See also Maughan v. Google Tech., Inc., 143 Cal. App. 4th 1242, 1249 (2006) (affirming hourly rate of $425 as reasonable for defendant prevailing on anti-SLAPP motion).

In sum, the evidence submitted in support of the Motion demonstrates that the hourly rate of $450 that was charged by Summit's counsel is consistent with the rates charged by attorneys in the Los Angeles area practicing in entertainment-related litigation.  The Opposition does nothing to challenge this evidence; accordingly, the Court should find that the hourly rates charged by Summit's counsel in this action were reasonable.

---

[7] The published decision in Christian Research Institute v. Alnor, 165 Cal. App. 4th 1315 (2008), is similarly unhelpful to Plaintiff.  In that case, the trial judge awarded attorneys' fees based upon a $300 per hour rate.  The defendant did not challenge that rate on appeal, so the decision provides no insight into how the trial court arrived at that rate; for example, whether it was the rate requested by defense counsel, the extent of defense counsel's experience or how long counsel had been in practice.

### C. The Amount Of Time Incurred By Summit's Counsel In Connection With The Anti-SLAPP Motion Was Manifestly Reasonable.

Plaintiff offers four reasons why the amount of time billed in connection with the Anti-SLAPP Motion supposedly are excessive: (1) there purportedly was redundancy and duplication of effort among counsel for the various defendants; (2) there supposedly are variations between the billing records submitted by the various defendants that raise questions as to the records' reliability; (3) Summit's estimate of the total fees likely to be incurred in connection with the Anti-SLAPP Motion (submitted when that motion was originally filed) was lower than the actual fees it now seeks; and (4) the billing records include "block-booking" time entries, time entries for which fees should not be awarded, and time entries that have been partially redacted. None of these arguments has merit.

First, Plaintiff fails to point to any specific examples of redundancy or inefficiency reflected in the invoices.[8] Rather, Plaintiff speculates that this matter could have been handled like the matter in Fresno court involving counsel for Defendants Boal and Bigelow, thus the amount of attorneys' fees provided for in the Fresno court's unpublished tentative decision should be awarded here. For the reasons discussed above, the unpublished tentative decision has no evidentiary value and no application to Summit's fee application. Plaintiff also claims that there was duplication in briefing because the Anti-SLAPP Motion purportedly contains substantially the same arguments that were made in the Rule 12 motion that was filed in the District of New Jersey. To be sure, both the Rule 12 motion and the Anti-SLAPP Motion raised challenges to the merits of Plaintiff's claims; but aside from this commonality, the motions are entirely different. Among other things, the Rule 12 motion involved different legal standards and burdens of proof than the Anti-SLAPP

---

[8] Plaintiff identifies a single time entry in the invoices submitted by Summit that describes a meeting attended by both of the attorneys representing Summit in this action. Plaintiff states, without any legal authority or argument, that "it is unreasonable for Summit to bill for two attorneys attending same meeting / conference." [Opp., 9:16-18.]

Case 2:10-cv-09034-JHN -JC   Document 145   Filed 11/28/11   Page 8 of 11   Page ID
#:2145

Motion; and it was briefed under New Jersey law while the Anti-SLAPP Motion focused on California law.

Next, Plaintiff asks the Court to compare the hours expended by counsel for Defendants Boal and Bigelow, on one hand, and counsel for the Hurt Locker Defendants and Summit, on the other hand, arguing that the motion filed by Boal and Bigelow was "very similar" to the motion filed by the other defendants, and that the fees incurred by counsel for Boal and Bigelow therefore should be the appropriate measure for the reasonable amount of time incurred by the other defense counsel. [Opp. 7:13-20.][9]

In fact, there were significant differences between the motion filed by Boal and Bigelow and the combined motion filed by the Hurt Locker Defendants and Summit, and even greater differences between their respective reply briefs. For example, the motion filed by the Hurt Locker Defendants and Summit fleshes out three independent arguments of why Plaintiff cannot prevail on his false light invasion of privacy claim, whereas the motion filed by Boal and Bigelow briefly focuses on one of the three arguments. The motion filed by the Hurt Locker Defendants and Summit included a more expansive discussion of the merits of the causes of action for emotional distress, fraud, constructive fraud, and negligent misrepresentation, whereas defendants Boal and Bigelow took a more condensed approach. The reply brief filed by counsel for Boal and Bigelow focused on Plaintiff's probability of prevailing on his claims, not the procedural and jurisdictional objections raised in Plaintiff's opposition brief. On the other hand, the reply brief filed by the Hurt Locker Defendants responds to Plaintiff's procedural and jurisdictional arguments, including analyses pertaining to

---

[9] Plaintiff's assertion that Summit's only work was the Notice of Joinder, a 5-page memorandum and 6-page reply brief is also wrong. As set forth in the Motion and uncontroverted Declaration of David Halberstadter, the Anti-SLAPP Motion and reply brief were the result of a collaboration between counsel for Summit and the Hurt Locker Defendants. In this regard, Summit's counsel was primarily responsible for drafting those portions pertaining to Plaintiff's inability to demonstrate the probable validity of his claims and all the work associated with such tasks. [See Motion 2:15-3:8 and Halberstadter Decl. ¶¶ 4-5.]

7
REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES – BY SUMMIT ENTERTAINMENT, LLC

the choice of law and the timing of the motion, in addition to Plaintiff's probability of prevailing on his claims.  In addition to the Anti-SLAPP Motion and the reply briefs, the Hurt Locker Defendants and Summit also prepared the evidentiary objections to the three declarations submitted by Plaintiff in support of his opposition, which objections were then joined in by Defendants Boal and Bigelow.

The difference between Summit's estimate of the likely total fees as presented in connection with the original Anti-SLAPP Motion ($37,400) and the actual fees it seeks by this Motion ($61,717.50) provides no basis for reducing the fees awarded to Summit.  As Plaintiff is well aware, the difference between Summit's initial projection of fees and the actual fees resulted from litigation tactics and arguments that Summit could not have anticipated.  For example, Summit expected Plaintiff to file a written opposition that complied with the Court's page limits; instead, Plaintiff filed two opposition briefs (labeled Part 1 and Part 2), thereby expanding his opposition to more than 50 pages, and which challenged virtually every aspect of the Anti-SLAPP Motion, from the applicable choice of law to the timeliness of the motion, from the motion picture's qualification for First Amendment protection to the merits of each and every one of Plaintiff's seven claims for relief.  The amount of fees that Summit should be awarded cannot properly be reduced simply because Summit did not anticipate all of Plaintiff's litigation tactics when it filed its motion.  See Fein v. Kesterson, 2010 WL 4902281, at *4 (rejecting plaintiff's request that time spent on briefing undisputed issues be excluded from award of attorneys' fees because defendant had no way of knowing what plaintiff would dispute at the time the anti-SLAPP motion was filed).

Finally, none of Plaintiff's scattershot objections to specific billing entries are valid.  Summit's billing records contain no "block-booking" entries; to the contrary, the time expended in connection with each described task is separately identified.[10]

---

[10]  Plaintiff claims that the trial court may reduce the requested attorneys' fees where the billing entries are "vague and block billed," citing Christian Research Institute v. Alnor, 165 Cal. App. 4th 1315 (2008).  But Christian Research is

8

REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES – BY SUMMIT ENTERTAINMENT, LLC

Summit's Motion does not seek recovery of any significant amount of time associated with opposing Plaintiff's request for an extension of time to oppose the Anti-SLAPP Motion or in connection with the drafting of any post-hearing supplemental briefs, even though it would have been appropriate for Summit to recover fees from all of these activities. And the partial redactions to the billing records that Summit's counsel made in order to preserve the substance attorney-client privileged communications and counsel's protected attorney work product had no effect upon Plaintiff's ability to determine whether the time entered "was devoted entirely to Anti-SLAPP work," much less made it "impossible" to do so. [Opp. 9:9-14.][11]

///

///

///

///

///

///

---

inapposite. In that case, the time entries that resulted in a substantial reduction of the requested attorneys' fees included entries that "made no reference at all to the motion to strike or otherwise designated the hours expended as anti-SLAPP work." Id. at 1325. Additionally, there were a number of vague entries, e.g., at least 20 entries where task was merely described as "further handling," and there existed "substantial evidence" of block-billing that obscured the nature of the work claimed. Id. By contrast, even a cursory review of the invoices lodged with the Motion as Exhibit 1 evidences that the time entries by Summit's counsel are neither vague nor block-billed. [See Docket Entry 134-2- Exhibit 1.]

[11] Summit properly redacted its legal invoices to preserve attorney-client privilege and work-product. See Allen v. Ghoulish Gallery, 2008 WL 802980, at *3 (S.D. Cal. Mar. 24, 2008) (rejecting plaintiff's argument that defendants did not meet burden of establishing reasonableness of fees by submitting redacted invoices and stating "Defendants' counsel . . . is not required to record in great detail how each minute of his time was expended") (citing Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 427 (9th Cir. 2000)).

## III. CONCLUSION.

The legal fees and costs incurred by Summit in connection with the Anti-SLAPP Motion are presumptively reasonable, and the evidence submitted in support of the Motion corroborates this conclusion. The Opposition offers no relevant evidence, and no valid legal arguments, for reducing the hourly rates charged or the amount of time incurred in connection with the Anti-SLAPP Motion. Accordingly, Summit requests that the Court grant the requested award in full.

DATED: November 28, 2011                    Respectfully submitted,

                                            KATTEN MUCHIN ROSENMAN LLP
                                            DAVID HALBERSTADTER
                                            SALLY WU

                                            By: /s/ David Halberstadter
                                            David Halberstadter
                                            Attorneys for Defendant
                                            SUMMIT ENTERTAINMENT, LLC

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

10
REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES – BY SUMMIT ENTERTAINMENT, LLC