UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No.  2:10-cv-09034-JHN-JCx | | Date:  December 8, 2011 |
| Title:  Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | | |

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings: ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**   (In Chambers)

The matter is before the Court on Defendants' Motions for Award of Attorneys' Fees, filed on October 27, 2011.  (Docket Nos. 132, 133, 134.)  The Court has reviewed and considered the Motions, Plaintiff's consolidated Opposition, and Defendants' Replies.  The Court deems the matter appropriate for decision without oral argument, and the hearing set on December 12, 2011 is vacated.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons herein, the Court **GRANTS** each Defendant's Motion **IN PART**.

I.  BACKGROUND

In this action, Plaintiff Jeffrey Sarver ("Plaintiff") alleged that Defendants based the movie *The Hurt Locker* on his personal experiences while serving in the military, without his consent.  On February 1, 2011, Defendants Nicolas Chartier, Grosvenor Park Media, L.P., Kingsgate Films, Inc. Greg Shapiro, The Hurt Locker, LLC, and Voltage Pictures, LLC, ("The Hurt Locker") filed a motion to strike Plaintiff's complaint under Cal. Code Civ. Proc. § 425.16 ("anti-SLAPP"). (Docket no. 78.)  The Motion was joined by Defendants Mark Boal and Kathryn Bigelow ("Boal and Bigelow") (docket no. 83), and Summit Entertainment, LLC ("Summit Entertainment" or "Summit") (docket no. 82).  On March 2, 2011, Boal and Bigelow filed a separate Motion to Strike.  (Docket no. 98.)  On March 14, 2011, Plaintiff opposed both the Hurt Locker Motion to Strike and the Boal Motion to Strike in an opposition, which was filed in two parts.  (Docket nos. 103, 104.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  2:10-cv-09034-JHN-JCx | Date:  December 8, 2011 |
| Title:  Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | |

Defendants Boal and Bigelow filed a Reply, (docket no. 116), joined by the Hurt Locker (docket no. 117).  On October 13, 2011, the Court granted Defendants' Motions and the Complaint was stricken in its entirety.  (Docket no. 129.)

On October 27, 2011, Boal and Bigelow, the Hurt Locker Defendants and Summit Entertainment each filed a Motion for Attorney Fees.  ("Boal Motion; docket no. 132; "Hurt Locker Motion"; docket no. 133; "Summit Motion"; docket no. 134.)  Plaintiff filed a single Opposition.  (Docket no. 141.)  Boal and Bigelow, The Hurt Locker and Summit Entertainment each filed a reply.  (Docket nos. 142, 144, 145.)

## II. LEGAL STANDARD

"A prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Cal. Code Civ. Proc. § 425.16(c)(1).  "Any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001); *See also ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1018 (2001).  Because "[s]ection 425.16, subdivision (c), is intended to compensate a defendant for the expense of responding to a SLAPP suit . . ., the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit."  *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22 (2006) (internal citations and quotation marks omitted).  "The California Supreme Court has upheld the lodestar method for determining the appropriate amount of attorney fees for a prevailing defendant on an anti-SLAPP motion."  *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 342 (2006) (citing *Ketchum*, 24 Cal. 4th at 1136).

Reasonable attorney's fees are calculated by the court, typically using a two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the court must multiply the reasonable hours expended by counsel on the litigation by a reasonable hourly rate to obtain the "lodestar" figure.  *Id*.  "Second, the court must decide whether to enhance or reduce the lodestar figure based on an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:10-cv-09034-JHN-JCx | Date:  December 8, 2011 |
| Title:   Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | |

evaluation of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Id*. The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales v. City of San Rafael*, 96 F.3d 359, 363 n. 8 (9th Cir. 1996) (citing *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). The court need only address factors relevant to the case before it. *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988 ). There is a strong presumption that the lodestar figure is reasonable. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Where a party "obtain[s] excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

"The Court must explain how it reached the ultimate amount of fees awarded, although that explanation can vary somewhat in its level of detail depending on the magnitude of the variation from the amount requested and the amount awarded." *Lauderdale v. City of Long Beach*, No. CV 08-979 ABC JWJx, at 9 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (noting that "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation")).

### III.   DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:10-cv-09034-JHN-JCx                              Date:  December 8, 2011
Title:        Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al.

The Court, in its prior Order granting Defendants' motion and striking Plaintiff's Complaint, recognized that Defendants are entitled to mandatory attorney's fees under Cal. Code. Civ. Proc. § 425.16(c)(1) as the prevailing parties. (Docket no. 129).  Thus, the only issue now is whether the amounts requested by Defendants are reasonable.

Defendants request the following attorney's fees:

| Motion | Hours claimed in Fee Motion | Hourly Rate | Total Lodestar Amount |
|---|---|---|---|
| **Boal and Bigelow**[1] (*See* Reynolds Decl. ¶ 4) | 96.60 | $450 (*"blended" rate*) | **$42,195** |
| **The Hurt Locker et al.**[2] (*See* Gorry Decl. ¶¶ 7, 10, 12, 17, 18) | Anti-SLAPP:<br>  Gorry:  64<br>  Hill:  107<br>  Joseph:  84<br>Total = 255<br>Atty's Fees Motion:<br>  Gorry:  5<br>  Hill:  5<br>  Joseph:  1<br>Total = 11 | Gorry: $450 (*reduced from $550*)<br>Hill: $450<br>Joseph:  $350 (*reduced from $450*) | Anti-SLAPP: $106,350<br><br>Atty's Fees Motion: $4,850<br>Total: **$111,200** |

---

[1]  Boal and Bigelow were represented by attorneys Jeremiah Reynolds and Dale Kinsella, partner and senior partner, respectively, with Kinsella Weitzman Iser Kump & Aldisert LLP.  (Reynolds Decl. ¶ 3.)

[2]  The Hurt Locker was represented by attorneys Timothy J. Gorry, Jon-Jamison Hill, and Jackie M. Joseph, of Eisner Kahan & Gorry. (Gorry Decl. ¶¶ 1, 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:10-cv-09034-JHN-JCx                         Date:  December 8, 2011
Title:      Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al.

| **Summit Entertainment**[3] (*See* Halberstadter Decl. ¶¶ 4, 6, 9, 10) | Halberstadter: 115.9  Wu: 25.5 | Halberstadter: $450 (*reduced from $650*)  Wu: $375 (*"blended" rate*) | Fees: $61,717.50  Costs: $4,277.28 |
|---|---|---|---|
| | | | Total: **$65,994.78** |

### A. Hourly Billing Rate

A reasonable hourly rate is calculated by looking to "the prevailing market rates in the relevant community."  *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1672 (2010) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  The court should consider the experience, skill, and reputation of the attorney requesting fees.  *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986).

In this case, the experience, reputation, and ability of the defense attorneys support a finding of reasonableness.[4]  In fact, Defendants' attorneys indicate that several of

---

[3]  Summit Entertainment was represented by attorneys David Halberstadter and Sally Wu, partner and associate, respectively, with Katten Muchin Rosenman LLP.  (Halberstadter Decl. ¶ 1, 4.)

[4]  Attorney Jeremiah Reynolds specializes in entertainment related litigation and has experience handling "numerous cases relating to intellectual property disputes generally and, more specifically, several cases involving issues relating to the right of publicity under California law."  (Reynolds Decl. ¶ 2.)  Attorney Timothy Gorry ("Gorry") avers that for the last decade, a "significant component" of his practice has been entertainment litigation.  (Gorry Decl. ¶ 6.)  Gorry further testifies that attorneys Jon-Jamison Hill and Jackie M. Joseph have significant experience in defending the types of causes of action that Plaintiff brought in this lawsuit.  (*Id*. at ¶¶ 9, 11.)  Attorney David Halberstadter testifies that he has "substantial experience in intellectual property and entertainment litigation, having practiced in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:10-cv-09034-JHN-JCx | Date:  December 8, 2011 |
| Title:   Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | |

them charged well below their ordinary rates in this matter.  In addition, litigation of the anti-SLAPP motion involved complex procedural and substantive issues, including choice of law questions and First Amendment concerns.  Further, courts in this District have held rates at or above $450/hour to be reasonable rates for the Los Angeles area.  *See e.g.*, *Love v. Mail on Sunday*, No. 05-7798, 2007 WL 2709975 at *8 (C.D. Cal. Sept. 7, 2007) (finding partner rates between $540 and $690 an hour to be reasonable in intellectual property case); *Ritch v. Bobb*, No. 06-4795, 2009 WL 734089, at *2 (C.D. Cal. Mar. 16, 2009) (finding $400-$450/hour to be reasonable hourly rates for the Los Angeles Area for anti-SLAPP motion); *Auto. Club of S. Cal. v. Auto Club, Ltd.*, No. 05-3940, 2007 WL 909599, at *2 (C.D. Cal. Mar. 15, 2007) (finding $439/hour to be reasonable rates for intellectual property attorneys in the Los Angeles area on anti-SLAPP motion).

As a preliminary matter, Plaintiff challenges the sufficiency of the evidence presented by Defendants as to the prevailing market rates, and urges the Court to deny Defendants' motions or alternatively, reduce the hourly rates.  (Opp'n at 3.)  Specifically, Plaintiff contends that Defendants cannot make a sufficient showing of prevailing market rates through declarations of movant attorneys alone.  (*Id.* (citing *Kearny v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1186—87 (S.D. Cal. 2008) (denying a prevailing anti-SLAPP defendant's motion for attorney's fees in its entirety)).  However, as Summit Entertainment points out in its Reply, the attorney's declaration in the *Kearny* case contained absolutely *no* testimony regarding prevailing rates in that district, whereas each Defendant's declarations here contains sworn testimony that the fees charged by them in connection with this matter are commensurate with prevailing rates in the Los Angeles area.  *See Kearny*, 553 F. Supp. 2d at 1185.

[the] area continuously for more than 25 years." (Halberstadter Decl. ¶ 8.)  Further, Halberstadter asserts that attorney Sally Wu, an associate, "has assisted in the litigation of multiple cases, including the successful defense of a copyright infringement claim . . ." (*Id.* at ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:10-cv-09034-JHN-JCx | Date:  December 8, 2011 |
| Title:     Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | |

Plaintiff also offers two documents in support of his position, neither of which pass muster.[5]  Further, Plaintiff's cited authority, in which anti-SLAPP defense counsel received fees lower than $450, is unpersuasive.  (Opp'n at 3—4 (citing *Christian Research Inst. et al., v. Alnor*, 165 Cal. App. 4th 1315 (2008) (upholding decision finding $300/hour a reasonable rate for prevailing anti-SLAPP defense counsel); *Fein v. Kesterson*, No. 10-2048, 2010 WL 4902281 (C.D. Cal. Nov. 23, 2010) (finding hourly rate of $350 reasonable in anti-SLAPP litigation)).  Significantly, neither case involves a reduction in the rates requested.  While cases approving rates higher than those requested by defendants may shed light on the *reasonableness* of Defendants' rates, it does not necessarily follow that cases approving lower requested rates compel a finding that Defendants rates are *unreasonable*.

Even in the absence of evidence regarding prevailing rates in the community, the Court has broad discretion to determine a reasonable hourly rate.  *See Bademyan v.*

---

[5]  First, Plaintiff offers an article summarizing the results of a 2009 study on average regional billing rates for small and mid-sized firms.  (Docket no. 141-3, Weglarz Decl. Ex. B.)  The document is unauthenticated and constitutes inadmissible hearsay.  *See* Fed. R. Evid. 602, 801, 802.  Moreover, the broad generalizations of average rates for attorneys of all experience levels across the pacific region have little relevance to the reasonable prevailing rates in the Los Angeles area.  *See* Fed. R. Evid. 401, 402.  Second, Plaintiff relies on an unpublished tentative opinion, *Revenue Resource Grp. v. Dash Dolls*, Super. Ct. Case no. 11CECG00058 (May 11, 2011), purportedly issued by a state trial court in Fresno, California.  (Docket no. 141-5, Weglarz Decl. Ex. D.)  Here too, the document is unauthenticated and irrelevant.  *See* Fed. R. Evid. 602, 401, 402.  Not only is this apparently not a final ruling, but the *tentative* opinion contains no analysis related to its attorney's fees award, and provides no insight into reasonable attorney rates in the Los Angeles area.  Therefore, the Court sustains Defendants' objections and Exhibits B and D are stricken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   2:10-cv-09034-JHN-JCx | Date:  December 8, 2011 |
| Title:   Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | |

*Receivable Mgmt. Serv. Corp.*, No. 08-00519, 2009 WL 605789 at *5 (C.D. Cal. Mar. 9, 2009) ("When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates . . ., the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community").

Here, in light of the evidence provided by Defendants, and in keeping with this Court's own experience regarding prevailing rates in the community, the Court finds Defendants' hourly rates reasonable.

### B.  Hours Billed

The district court must "provide a concise but clear explanation of its reasons for the fee award." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1933)).  Any hours that were not reasonably expended—"i.e., hours that are 'excessive, redundant, or otherwise unnecessary'"—may be excluded from the fee calculation. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985) (quoting *Hensley*, 461 U.S. at 434).  However, when a party files a voluminous fee application, the district court need not "set forth an hour-by-hour analysis of the fee request." *Gates*, 987 F.2d at 1399.  "[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours or in the final lodestar figure as a practical means of trimming the fat from a fee application."  *Id*. (internal quotation marks omitted).  Percentage cuts are subject to heightened scrutiny, however, and the court must explain its reasons for choosing a given percentage reduction.  *Id*. at 1400.  Courts have the "authority to reduce hours that are billed in block format." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing to a report by the California State Bar's Committee on Mandatory Fee Arbitration that found that "block billing" 'may increase time by 10% to 30%'"); *see also Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222—23 (9th Cir. 2010) (finding in a music copyright infringement case that reduction of 30% for block-billed hours was not an abuse of discretion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   2:10-cv-09034-JHN-JCx | Date:  December 8, 2011 |
| Title:   Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | |

### 1. Plaintiff's General Objections to Defendants' Time Billed

Plaintiff offers several reasons why the amount of time billed by all Defendants in connection with the anti-SLAPP motions should be deemed excessive. Plaintiff argues that, (1) the hours billed by Defendants are excessive because a considerable amount of the attorneys' time was spent performing tasks which overlapped and were redundant (Opp'n at 7); (2) the billing records lack credibility due to inexplicable discrepancies between the number of hours expended by each defendant and between Defendants' initial projected fees and ultimate fee requests (*id.*); (3) any hours incurred in relation to Plaintiff's Ex Parte Motion for continuation of the anti-SLAPP hearing date are unrecoverable because Defendants did not prevail on that motion (*id.* at 8); and (4) any hours billed regarding Plaintiff's Supplemental Motion are unrecoverable because Defendants' own conduct necessitated Plaintiff's Motion. (*Id.*)

Neither of Plaintiff's first two arguments justifies a significant reduction of Defendants' hours. Some overlap in tasks is reasonably to be expected where three groups of Defendants have each retained separate counsel. Minute discrepancies in billing, (*see, e.g.*, Opp'n at 9:14—15, 9:20, 10:7—8, 10:13—14, 10:18—19), are similarly insufficient evidence of large-scale abuse to necessitate a sizable reduction in hours. Plaintiff's third and fourth arguments fail because Cal. Code Civ. Proc. § 425.16 permits recovery of fees for all hours reasonably spent on the underlying claim, including hours spent litigating the award of attorney's fees. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). Defendants were required to expend resources responding to Plaintiff's Ex Parte Motion and Supplemental Motion in order to fully litigate their anti-SLAPP motions.

### 2. Plaintiff's Specific Objections to Defendants' Time Billed

#### i. Boal and Bigelow

Boal and Bigelow claim 96.60 attorney hours in connection with the anti-SLAPP litigation. (Reynolds Decl. ¶ 4.) Plaintiff does not object to any individual time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | 2:10-cv-09034-JHN-JCx | Date: December 8, 2011 |
| Title: | Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al. | |

entries in Boal and Bigelow's billing records, and the Court finds no objectionable entries.

    ii. **The Hurt Locker**

Plaintiff objects to 26 billing entries offered by counsel for The Hurt Locker, claiming that the entries are vague and constitute block-billing. (Opp'n at 9—10.) The Hurt Locker's Exhibit A, (docket no. 133-1), lists various entries that constitute block billing because they do not properly differentiate between the types of work performed. Without a more specific breakdown of the time spent on each task, this Court cannot determine the reasonableness of numerous entries.

Furthermore, many entries contain significant redaction. (*See, e.g.*, Hurt Locker Mot. Ex. A at 24—25, "Dec-06-10".) Though cognizant of Defendant's duty to preserve attorney-client privilege, this Court cannot determine the reasonableness of these entries absent a general description from Defendant as to the nature of the redacted work. *See Hensley v. Eckerhart*, 461 U.S. at n. 12 (Although "[movant's] counsel is not required to record in great detail how each minute of his time was expended . . . at least counsel should identify the general subject matter of his time expenditures"; *Signature Networks, Inc.*, *v. Estefan*, No. 03-4796, 2005 WL 1249522 at *8 (N.D. Cal. May 25, 2005) ("While the Court recognizes that confidentiality is essential, the failure to provide even a general description of the subject matter renders it impossible to assess the reasonableness of many of [defendant's] entries").

The Court finds 24 separate entries totaling 88.5 hours constitute block-billing or excessive redaction by The Hurt Locker. As such, the Court reduces these entries by 30%. The Court has pinpointed and reduced only those entries where instances of block-billing or redaction raise questions regarding the reasonableness of billed hours, which results in a reduction of $11,473.50 in fees according to the Court's calculations.
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.   2:10-cv-09034-JHN-JCx     Date:  December 8, 2011
Title:     Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al.

| Motion | Hours claimed in Fee Motion | Hourly Rate | Total Lodestar Amount |
|---|---|---|---|
| **The Hurt Locker et al.** | 266 | Gorry: $450<br>Hill: $450<br>Joseph: $350 | Total: $111,200 |
| | | -30% reduction | ($11,473.50) |
| | | TOTAL | **$99,726.50** |

   iii. **Summit Entertainment**

Plaintiff objects to 16 billing entries for Summit Entertainment, claiming that the entries are vague and constitute block-billing. (Opp'n at 9.) The Court finds that Summit's billing entries, (Summit Motion Ex. 1, docket no. 134-2), sufficiently differentiate between different types of work and therefore do not constitute block-billing. Moreover, because Summit's records are sufficiently detailed, the Court is able to conclude that redacted tasks constitute a negligible portion of Summit's billed hours.[6] Further, most of Summit's entries only partially redact each task, leaving sufficient clues as to the nature of the work performed. (*See*, *e.g.*, Summit Mot. Ex. 1, Entry 01/05/11 (.4 hours listed for "miscellaneous e-mails to and from J. Hill *regarding anti-SLAPP motion strategy issues* (including . . . [redacted]" (emphasis added).) For these reasons, the Court finds a percentage reduction unwarranted.

  C. **Lodestar Adjustment**

Absent extraordinary circumstances, a significant adjustment to the lodestar figure is inappropriate. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,

---

[6] The Court identifies only 5.5 hours in Summit's billing records where the general subject matter of a redaction is unascertainable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:10-cv-09034-JHN-JCx         Date:  December 8, 2011
Title:  Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al.

483 U.S. 711, 728 (1987).  In the Ninth Circuit, a district court may exercise its discretion up to a 10% reduction.  *Moreno*, 534 F.3d at 1111.  This is not a case where Defendants have egregiously inflated the number of hours spent on the anti-SLAPP litigation.  However, Defendants' success was due to the coordinated efforts of counsel, which, to a large extent, should have lessened the burden on each individual Defendant.  Thus, the Court exercises its discretion to reduce each Defendant's lodestar figure by 10%.

| Motion | Hours claimed in Fee Motion | Hourly Rate | Total Lodestar Amount |
|---|---|---|---|
| **Boal and Bigelow** | 96.60 | $450 (*"blended" rate*) | $42,195 |
|  |  | - 10% reduction | ($4219.50) |
|  |  | **TOTAL** | **$37,975.50** |
| **The Hurt Locker et al.** | 266 | Gorry: $450<br>Hill:  $450<br>Joseph:  $350 | Total: $111,200 |
|  |  | -30% reduction | ($11,473.50) |
|  |  | SUBTOTAL | $99,726.50 |
|  |  | -10% reduction | ($9,972.65) |
|  |  | **TOTAL** | **$89,753.85** |
| **Summit Entertainment** | 141.4 | Halberstadter: $450<br>Wu:  $375 | Total: $65,994.78 |
|  |  | -10% reduction | ($6,599.48) |
|  |  | **TOTAL** | **$59,395.30** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  2:10-cv-09034-JHN-JCx                                   Date:  December 8, 2011
Title:     Sgt. Jeffrey Sarver v. The Hurt Locker, LLC, et al.

The Court does not believe that any further adjustments to the lodestar amount are necessary.  As Defendants' counsel competently litigated the anti-SLAPP motions until Plaintiff's claims were dismissed with prejudice, there is nothing to warrant decreasing the lodestar figure beyond the 30% reduction of The Hurt Locker's block-billed hours and the further 10% reduction as to all Defendants.

## IV.    CONCLUSION

Defendants' Motions (docket nos. 132, 133, 134) are **GRANTED**, subject to the adjustments set forth above.

**IT IS SO ORDERED**.

    ___: N/A
Initials of Preparer     AM