UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:10-cv-09034-JHN-JCx                             Date:  February 2, 2012
Title:        Jeffrey S. Sarver v. The Hurt Locker LLC et al.

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF EXECUTION AND WAIVER OF BOND PENDING APPEAL
(In Chambers)

The matter is before the Court on Plaintiff Jeffrey S. Sarver's ("Plaintiff") Motion for Stay of Execution and Waiver of Bond Pending Appeal ("Motion"), filed on December 21, 2011.  (Docket no. 149.)  Defendants filed separate Oppositions, (docket nos. 150, 152, 153), and Plaintiff filed a Reply.  (Docket no. 155.)  Having considered the briefs filed in connection with the matter, the Court deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the hearing set for February 13, 2012, is removed from the Court's calendar.  For the following reasons, the Court **DENIES** the Motion.[1]

---

[1] As a preliminary matter, the Court notes Plaintiff's failure to comply with Local Rule 7-3, requiring counsel to meet and confer meaningfully regarding any contemplated motion prior to the filing of the motion.  (Summit Opp'n at 1, n.1; The Hurt Locker Opp'n at 1—2.)  For all motions for which no time limit is imposed on filing, "the conference shall take place at least ten (10) days prior to the filing of the motion."  L.R. 7-3.  Failure to comply may constitute grounds for dismissal of a motion.  *See Alcatel-Lucent USA, Inc. v. Dugdale Comm., Inc.*, No. 09-2140, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009).  Plaintiff's Reply acknowledges non-compliance with Local Rule 7-3.  (Reply 2—3.)  However, because the Court denies the Motion on substantive grounds, it will not dismiss the Motion on the basis of this procedural defect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:10-cv-09034-JHN-JCx                                    Date:  February 2, 2012
Title:     Jeffrey S. Sarver v. The Hurt Locker LLC et al.

## I. BACKGROUND

In this action, Plaintiff Jeffrey Sarver ("Plaintiff") alleged that Defendants Nicolas Chartier, Grosvenor Park Media, L.P., Kingsgate Films, Inc., Greg Shapiro, the Hurt Locker, LLC, Mark Boal and Kathryn Bigelow, and Summit Entertainment, LLC (collectively, "Defendants") based the movie *The Hurt Locker* on his personal experiences while serving in the military, without his consent.  Defendants successfully moved to strike the Complaint pursuant to Cal. Code Civ. Proc. § 425.16 (California's anti-SLAPP statute).  (Docket no. 129).  As mandated by statute, the Court awarded Defendants' their reasonable attorney's fees and costs cumulatively amounting to $187,124.65.  (Docket no. 146).

Plaintiff filed the instant Motion on December 21, 2011, requesting that the Court stay execution of its order granting Defendants' fees pending Plaintiff's Ninth Circuit appeal of the Court's decision on the anti-SLAPP motions.  (Docket no. 149.)  Defendants filed Oppositions, (docket nos. 150, 152, 153), and Plaintiff filed a Reply.  (Docket no. 155.)

## II. ANALYSIS

Plaintiff argues that a stay is warranted upon a balancing of the four factors typically analyzed with respect to a request for a preliminary injunction:  "(1) the likelihood of success on the merits; (2) whether the applicant will suffer irreparable harm without a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceedings; and (4) whether there is a public interest in granting or denying the stay."  (Mot. 6) (citing *Golden Gate Rest. Ass'n v. City of S.F.*, 512 F.3d 1112, 1114 (9th Cir. 2008); *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

However, courts in this circuit have held that the preliminary injunction test specifically applies to a stay of *injunctive* relief pursuant to Federal Rule of Civil Procedure ("Rule") 62(c), and is "irrelevant" in a case involving a monetary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:10-cv-09034-JHN-JCx                                       Date:  February 2, 2012
Title:        Jeffrey S. Sarver v. The Hurt Locker LLC et al.

judgment. *Bolt v. Merrimack Pharms. Inc.*, No. 04-0893, 2005 WL 2298423 at *2 (E.D. Cal. Sept. 20, 2005); *see also C.B. v. Sonora School Dist.*, No. 09-00285, 2011 WL 4590770 at *19 (E.D. Cal. Sept. 30, 2011); *Biltmore Assoc., L.L.C., as Trustee v. Twin City Fire Ins. Co.*, No. 05-04220, 2007 WL 2422053 at *1 (D. Ariz. Aug. 22, 2007) (holding that "a Rule 62(c) stay is available only when 'an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction,'" and that plaintiff's "arguments premised upon [four preliminary injunction] factors . . . are inapposite" for purposes of Federal Rule of Civil Procedure 62(d)).

Instead, a request for a stay of a money judgment pending appeal is governed by Rule 62(d), which provides for a stay of execution upon posting of a supersedeas bond. *See, e.g., Biltmore Assoc.*, 2007 WL 2422053 at *1 ("When a money judgment is involved, one gets a stay by posting a bond.").[2]

---

[2] In his Reply, Plaintiff argues that an award of attorney's fees does not qualify as a "money judgment." (Reply 4 (citing *Poole v. Rourke*, 779 F. Supp. 1546, 1559—60 (E.D. Cal. 1991) ("An award of costs and fees under EAJA . . . is more akin to specific relief than to money damages"). In applying Rule 62(c) to EAJA attorney's fees, the *Poole* court specifically reasoned that the subject "fees and costs are not compensatory, but arise 'solely as incidents of the effort to achieve compensation.'" *Poole*, 779 F. Supp. at 1560 (quoting *Bruch v. United States Coast Guard*, 749 F. Supp. 688, 692 (E.D. Pa. 1990)); *see also Stone v. City and Cnty of S.F.*, 145 F.R.D. 553, 561 (N.D. Cal. 1993) (sanctions for civil contempt are not "money judgments" where the purpose is "to coerce defendants to comply with the [court's order], rather than to compensate plaintiffs for the harm they suffered"). By contrast, statutorily-mandated fee awards for successful anti-SLAPP defendants are explicitly "intended to compensate a defendant for the expense of responding to a SLAPP suit." *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22 (2006) (internal citations and quotation marks omitted). Given the reasoning in *Poole*, anti-SLAPP attorney's fee awards are more akin to money damages than specific relief. Moreover, courts within the Ninth Circuit have applied the Rule 62(d) bond requirement to attorney's fee awards in various contexts. *See, e.g., Biltmore Assoc.*, 2007 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No. 2:10-cv-09034-JHN-JCx    Date: February 2, 2012
Title:    Jeffrey S. Sarver v. The Hurt Locker LLC et al.

Fed. R. Civ. P. 62(d) provides that "[a]n appellant may obtain a formal stay of the judgment pending appeal by posting a supersedeas bond." *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197, n.6 (9th Cir. 2001) (citing Fed. R. Civ. P. 62(d)); *see also Vacation Village, Inc. v. Clark Cnty., Nev.*, 497 F.3d 902, 913 (9th Cir. 2007) ("Federal Rule of Civil Procedure 62(d) . . . requires . . . that the appellant post a supersedeas bond in order to obtain a stay on appeal."). The purpose of the supersedeas bond is to "protect[] the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

In some instances, "[t]he posting of adequate security other than a bond may waive the supersedeas bond requirement." *Biltmore* Assoc., 2007 WL 2422053 at *1 (citing *United States v. Boyce*, 148 F. Supp. 2d 1069, 1096 (S.D. Cal. 2001)); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (citing *Int'l Telemeter v. Hamlin Int'l Co.*, 754, F.2d 1492, 1495 (9th Cir. 1985)).

Alternatively, the district court may waive the bond requirement upon evaluation of the *Dillon* factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal;

---

2422053 at *1 (denying requested waiver of bond requirement for stay pending appeal of an award of attorney's fees); *Parenteau v. Prescott Unified School Dist.*, No. 07-8072, 2010 WL 729101 (D. Ariz. Mar. 2, 2010) (because IDEA plaintiffs had not posted a bond, award of attorney's fees to successful defendants was enforceable despite pendency of appeal); *but see League for Coastal Protection v. Kempthorne*, No. 05-0991, 2007 WL 1982778 at *2 (N.D. Cal. July 2, 2007) ("The Court will not apply the term 'money judgment' so broadly as to encompass attorneys' fees and costs that were incurred while seeking the injunctive relief at issue" in EAJA case.). For these reasons, the Court finds that Rule 62(d) governs the instant Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:10-cv-09034-JHN-JCx                    Date:  February 2, 2012
Title:    Jeffrey S. Sarver v. The Hurt Locker LLC et al.

> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chi.*, 866 F.2d 902, 904—905 (7th Cir. 1988) (quotation marks omitted) (citations omitted).  The *Dillon* factors are regularly applied in Ninth Circuit courts.  *United States v. Moyer*, No. 07-00510, 2008 WL 3478063 (N.D. Cal. Aug. 12, 2008) (citing *Biltmore Assoc.*, 2007 WL 2422053 at *1; *U.S. v. Simmons*, No. 96-5948, 2002 WL 1477460 at *1 (E.D. Cal. May 14, 2002); *F.T.C. v. Publ'g Clearing House, Inc.*, No. 94-623, 1995 WL 792074 at *1 (D. Nev. Jul. 13, 1995; *Translogic Tech., Inc. v. Hitachi, Ltd.,* No. 99-407, 2006 WL 897995 at *5—6 (D. Or. Apr. 6, 2006); *United States v. Boyce*, 148 F. Supp. 2d at 1096).

Here, Plaintiff has neither posted a supersedeas bond nor offered any form of substitute security.  Furthermore, Plaintiff has not articulated an argument for discretionary waiver of the bond requirement based on the above factors.[3]  The Court is sympathetic to the financial hardship to Plaintiff.  However, the Court

---

[3] Plaintiff's Reply apparently advances an efficiency argument based on an unpublished order in *Metabolife Int'l v. Susan Wornick et al.*, No. 99-1095 (S.D. Cal. Jan. 13, 2000), in which the district court stayed the scheduled hearing on a successful anti-SLAPP defendant's motion for attorney's fees pending appeal to the Ninth Circuit. (Reply, Ex. A.)  However, in that case, the district court had yet to rule on the motion for fees. (*Id*. at 2.)  It determined that a stay would promote judicial efficiency, given that the fee award would almost certainly be affected by the appeal, and considering that defendant had yet to provide the Court with sufficient detail regarding claimed fees and costs. (*Id*. at 2.)  Neither concern is relevant here, as the Court has already ruled on Defendants' motions, all of which were supported by sufficiently detailed documentation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:10-cv-09034-JHN-JCx                                   Date:  February 2, 2012

Title:      Jeffrey S. Sarver v. The Hurt Locker LLC et al.

cannot place Defendants' statutory right to recovery at risk solely on the basis of Plaintiff's ability to pay.  Indeed, it may be an abuse of discretion to do so.  *See, e.g., Geddes v. United Fin. Grp.*, 559 F.2d 557, 560—61 (9th Cir. 1977) (holding that district court abused its discretion in granting stays of execution based solely on parties' ability to pay the judgments).[4]  Plaintiff's financial hardship suggests that a bond, or other form of security, is particularly necessary here in order to protect Defendants' right to enforce their monetary judgments.  *See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 760 (D.C. Cir. 1980) (stating that "a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment . . . .").  Therefore, the Court denies Plaintiff's request to waive the requirement that he post a supersedeas bond in order to stay execution of the attorney's fees award pending his Ninth Circuit appeal.

   III. CONCLUSION

For the foregoing reasons, Plaintiffs Motion for a Stay of Execution Pending Appeal is DENIED.

IT IS SO ORDERED.

                                                                                             ___: N/A
                                                                         Initials of Preparer    AM

---

[4]  Although Plaintiff submits a declaration indicating that he will have to file for bankruptcy if the stay is denied, he has supplied no evidence from which the Court can infer that the fifth *Dillon* factor weighs in his favor—i.e., that a stay is necessary to prevent harm to other creditors.  *See Taylor v. Horizon Distrib., Inc.*, No. 07-1984, 2010 WL 582108 at *1 (D. Ariz. Feb. 17, 2010) (citing *Biltmore Assoc.*, 2007 WL 2422053 at *1).